# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: Change Healthcare, Inc. Customer Data Security Breach Litigation | MDL No. 24-3108 (DWF/DJF) |
| This Document Relates to All Actions | **PRETRIAL ORDER NO. 1** <br> **(Establishing Preliminary Procedures and Appointing Temporary Interim Counsel)** |

The Court finds that the civil actions transferred to this Court as part of the MDL merit special attention as complex litigation pending a Status Conference which is set for Tuesday, September 17, 2024 at 8:30 a.m. in Courtroom 3C, Third Floor, Warren E. Burger Federal Building and United States Courthouse, 316 North Robert Street, St Paul, Minnesota 55101.[1] Pending that status conference, the Court hereby enters the following:

## ORDER

1. **APPLICABILITY OF THIS ORDER** – Prior to the First Status Conference and the entry of a comprehensive order governing all further proceedings in this case, the provisions of this Order shall govern the practice and procedure in those actions that were transferred to this Court by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to its Order of June 7, 2024, as well as all related actions originally

---

[1] For reference, the Court refers the parties to the Court's MDL webpage: https://www.mnd.uscourts.gov/content/change-healthcare-inc-data-breach.

filed, transferred to or removed to this Court. This Order shall also apply to any "tag-along actions" later filed in, removed to or transferred to this Court, absent further order of this Court. Hereafter, those actions are referred to as the "Cases."

2. **CONSOLIDATION** – The Cases are consolidated for pretrial purposes only. Any "tag-along" actions later filed in, removed to or transferred to this Court, or directly filed in the District of Minnesota, will automatically be consolidated with this action without the necessity of future motions or orders. Consolidation of the Cases is without prejudice to the later determination of whether subclasses or separate litigation "tracks" shall be created. The Court acknowledges the Panel's recognition of the argument that two separate tracks or types of actions may exist within this MDL – the "patient" track and the "provider" track – and agrees with the Panel's determination that this Court "may employ any number of techniques . . . to manage the litigation." JPML Transfer Order 3108. The Court requests that the proposed leadership papers set forth the management of these two tracks of litigation. This consolidation, however, does not constitute a determination that the Cases should be consolidated for trial, nor does it have the effect of making any person or entity a party to any action in which he, she or it has not been named, served, or added in accordance with the Federal Rules of Civil Procedure.

3. **SERVICE** – Prior to the First Status Conference, service of all papers relating to the initial conference shall be made on counsel of record appearing in the Cases. The docket is the official record of the service list. Plaintiffs' Temporary Interim Lead Class Counsel and Defendants' counsel are responsible for assuring service of this

Order and all future documents on opposing *pro se* parties. This paragraph does not pertain to or alter the requirements for service of process of any summons and/or complaint.

4. **EXTENSION AND STAY** – Pursuant to the Court's Order dated June 20, 2024 (Doc. No. 7), each Defendant is granted an indefinite extension of time for responding by motion or answer to the complaint(s) until this Court, by subsequent order, sets a date by which Defendants shall respond by motion, answer or otherwise. Pending the First Status Conference and further orders of this Court, all outstanding discovery proceedings are stayed, and no further discovery shall be initiated.

5. **PREVIOUS ORDERS** – Any orders, including protective orders, previously entered by this Court or any transferor court, shall remain in full effect unless modified by this Court.

6. **MASTER DOCKET FILE** – Any pleading or paper shall be filed electronically according to this district's *CM/ECF Civil Manual For New Users* guide, available at https://www.mnd.uscourts.gov/reference-guides-and-procedures. The Clerk of court will maintain a master docket case under the style "IN RE: CHANGE HEALTHCARE, INC. CUSTOMER DATA SECURITY BREACH LITIGATION" and the identification "MDL No. 24-3108". All papers filed in these actions shall bear the identification "MDL No. 24-3108". When a pleading is intended to be applicable to all actions, this shall be indicated by the words: "This Document Relates to ALL ACTIONS" and shall be filed electronically in 24-md-3108. When a pleading is intended to apply to less than all cases, this Court's civil action number for each individual case to

which the document(s) relate shall appear immediately after the words: "This Document Relates to . . ." and shall be filed electronically in each member case to which the document(s) applied. The following is a sample of the pleading style:

In re: CHANGE HEALTHCARE, INC.    MDL No. 24-3108 (DWF/DJF)
CUSTOMER DATA SECURITY
BREACH LITIGATION
_____

This Document Relates to . . . .

7. **FILINGS**– Any Plaintiff whose case would be subject to transfer into this MDL may file their case directly in the District of Minnesota for pretrial proceedings only, subject to the provisions in this Order. Any Plaintiff that files a case in this District for inclusion in this MDL must note on the civil cover sheet that the case is related to MDL No. 3108. Nothing in this Order shall preclude the Parties from agreeing, at a future date, to try cases filed pursuant to this Order in this District.

Any pleading or paper filed in any of the Cases shall be filed with the Clerk of this Court and not with the transferor district.

Any pleading or paper shall be filed electronically according to this District's ECF Civil Manual for New Users and Civil ECF Procedures Guide, available at [CM/ECF Reports Guide (uscourts.gov)](). Initiating documents (*e.g.*, original complaints, notices of removal), together with a civil cover sheet and the filing fee, shall be filed in the individual action only. All other pleadings, motions, and documents that relate to an individual case shall be filed in both the main MDL No. 3108 and the individual case. Documents relating to all cases shall be filed in the main MDL only.

4

8. **DOCKETING** – When an action that properly belongs as a part of IN RE: CHANGE HEALTHCARE, INC. CUSTOMER DATA SECURITY BREACH LITIGATION is filed in the District of Minnesota or transferred here from another court, the Clerk of this Court shall:

   a. File a copy of this Order in the separate file for such action, and

   b. Make an appropriate entry on the master docket sheet.

9. **APPEARANCES** – Counsel who appeared in a transferor court prior to transfer by the JPML need not enter an additional appearance before this Court. Attorneys admitted to practice and in good standing in any United States District Court are admitted *pro hac vice* in this litigation, and the requirements of Local Rule of Civil Procedure 83.5(d) are waived. Association of local counsel is not required. Non-resident counsel desiring to register for ECF access in this case should complete and file the Electronic Case Filing System Attorney Registration Form ("Registration Form") available at [MDL Registration Form | District of Minnesota | United States District Court (uscourts.gov)](). After completing the Registration Form, counsel will receive a CM/ECF log-in enabling them to electronically file the Notice.

10. **PRESERVATION OF EVIDENCE –** All parties and their counsel shall preserve evidence that may be relevant to this action as required by applicable law. Each party shall take reasonable steps to preserve all documents, data and tangible things, potentially relevant to the subject matter of these Cases.

11. **INTERIM LEADERSHIP STRUCTURE** – To act on behalf of the Plaintiffs on an interim basis which, as of the date of this Order, shall be until at least the First Status Conference, which the Court has referenced above, the Court hereby designates the following counsel:

Daniel E. Gustafson
Gustafson Gluek PLLC
Canadian Pacific Plaza
Suite 2600
120 South Sixth Street
Minneapolis, MN 55402
Office Phone: (612) 333-8844
dgustafson@gustafsongluek.com

Temporary interim counsel shall, absent further order of this Court:

a. **Service List:** Maintain and distribute to co-counsel and to Defendants' counsel an up-to-date service list; and

b. **Accept Service:** Plaintiffs' counsel shall receive and, as appropriate, distribute to co-counsel Orders from the Court and documents from opposing parties and counsel.

Until the Court appoints Interim Lead Class Counsel, Temporary Lead Counsel shall work to facilitate discussions about a potential consensus leadership structure, serve as a contact point for the Court and Defense Counsel and ensure that all counsel receive Orders from the Court and documents from opposing parties.

12. **POTENTIAL LEADERSHIP STRUCTURE –** Prior to the First Status Conference, counsel for the Plaintiffs shall consult with each other in a good faith effort

6

to reach a general consensus on the organization of Plaintiffs' counsel to lead this MDL litigation.

To the extent a general consensus as to structure and leadership is reached, Plaintiffs' Temporary Lead Counsel shall submit the consensus recommendation to the Court no later than ten days prior to the First Status Conference. Plaintiffs' recommendation shall outline the structure of the leadership and include each nominee's name and firm affiliation, curriculum vitae or educational background, licensing status, a short list of relevant experience with cases in similar areas, and short background statement.

To the extent consensus is not reached, any applications for appointment of leadership (either a slate or individual applications) shall be due no later than seven days prior to the First Status Conference. Applications for leadership shall be filed via email to the Court at frank_chambers@mnd.uscourts.gov and shall be limited to ten (10) pages double spaced. Applications may attach one exhibit per member, with each individual exhibit not to exceed more than ten (10) pages. No replies to leadership applications shall be permitted. The Court may, at its discretion, schedule interviews or any other procedure it deems necessary as part of an application procedure in taking an active role in selecting counsel. These recommendations should not be filed with the Clerk of Court, but instead should be submitted to the Court via email as noted above.

13. **COMMUNICATIONS** – Unless otherwise ordered, counsel must communicate with the Court in writing, with courtesy copies to all counsel.

Communications with the Court and submissions which are not to be filed with the Clerk may be sent to frank_chambers@mnd.uscourts.gov.

14. **FIRST STATUS CONFERENCE**

As noted above, the First Status Conference is set for September 17, 2024. The Court asks that counsel for Plaintiffs and Defendants meet and confer about possible agenda items and submit a joint list to the Court five days before the First Status Conference via email to frank_chambers@mnd.uscourts.gov.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Clerk of the Judicial Panel on Multidistrict Litigation, and counsel of record.

Dated:  August 14, 2024                    s/Donovan W. Frank
                                       DONOVAN W. FRANK
                                       United States District Judge