UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: CHANGE HEALTHCARE, INC. CUSTOMER DATA SECURITY BREACH LITIGATION | MDL No. 24-3108 (DWF/DJF) |
| This Document Relates to All Actions | PRETRIAL ORDER NO. 5 (Common Benefit Time & Expense Reporting Protocol) |

This matter comes before the Court on Plaintiffs' Motion for Approval of Pretrial Order No. 4 (Common Benefit Time and Expense Reporting Protocol) (Doc. No. 101).

Based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motion (Doc. No. [101]) is **GRANTED** and the following shall constitute the mandatory time and expense protocol (the "Protocol") for the submission, review and potential compensation of common benefit attorneys' fees and expenses in the above-captioned matter.

This Protocol governs all time and expenses incurred by Plaintiffs' Counsel at the direction of the leadership appointed by the Court that relate to this litigation, including pre-trial matters, discovery, trial preparation, settlement work and all other work related to this litigation.[1]

Any Plaintiff Counsel that seeks to be compensated for the time and expenses incurred in this litigation must comply with this Protocol. The Court will not consider

---

[1] Leadership Counsel is herein defined as Overall Lead Counsel, Provider and Patient Track Co-Lead Counsel, Provider and Patient Track PSC Co-Chairs, and MDL Liaison Counsel as appointed in the Court's Pretrial Order No. 3.

any time or expenses for reimbursement that do not comply with the Protocol. This Court may issue additional procedures, limitations, and guidelines in the future and the Court will make the final determination as to what is reasonable, what work is compensable and what expenses are allowed.

This Protocol applies to all cases now pending in MDL 3108 as well as to any cases later filed in, transferred to, or removed to this Court and included as part of MDL 3108.

## I. TIME REPORTING

### A. Authorization to Submit Time

All submitted time must be incurred only for work performed by or authorized by Leadership Counsel.

### B. Timekeeping Protocols

Each firm shall maintain contemporaneous, detailed time and expense records using the Time and Expense Report Forms attached as **Exhibit A (Excel format)** which Plaintiffs' Counsel shall use to report monthly time and expenses. Time shall be kept according to this Protocol.

All Plaintiffs' Counsel shall keep a daily record of their time spent in connection with this litigation, indicating with specificity the date, hours, rate, timekeeper's title, and a detailed description of the particular activity. The failure to maintain such records, and insufficient descriptions of the activity will result in disallowance of the submission. All time for each firm shall be maintained in 1/10 of an hour increment (6 minutes), and individual entries shall contain a specific description detailed enough to allow review of the time or expense

entry. Each timekeeper shall include one detailed time entry per day that must include a breakdown of the total amount of time billed for that day in parenthesis after each task. For example, "Draft interrogatory responses (0.4); conference call with lead counsel re: same (0.2); conference with expert re draft report (1.0); conference with defense counsel re meet and confer on deposition scheduling (0.2)."

All time records shall be submitted with a summarization by each firm of the total time reported by the firm for the particular reporting period, as well as the total time reported by each timekeeper and the supporting time detail.

Failure to keep time and expense reporting current will be grounds for denying any subsequent request for reimbursement. Reporting of time and expenses to Overall Lead Counsel does not constitute an acceptance or approval of that time and expense by Overall Lead Counsel or the Court.

### C. Categories of Time that Will Not Be Compensated

The following categories are examples of time that will not be compensated absent extraordinary circumstances:

- Read and review time for people not overseeing or directly participating in a project.

- General review of court filings not directly related to work assigned by Leadership Counsel. Members of the leadership team are expected to review case management and substantive orders of the Court as part of their leadership responsibilities.

- Time spent by each firm creating and compiling the monthly time and expense reports in this Protocol.

- All time and expense descriptions that are incomplete or that do not include a breakdown of time per task within the description.

- Clerical time related to file maintenance.

- Time billed by two or more people in the same firm on the same task unless both people are required to attend the same hearing or meeting or are specifically requested to attend or work on a project together.

- Any unreasonable time or expenses.

- Any work not assigned by Leadership Counsel.

- Time related to leadership applications.

## II.   EXPENSE REPORTING

Expense reports shall be submitted with monthly time submissions. The expense reports should itemize out-of-pocket, case-related expenses in the column for the current monthly amounts and the column for the cumulative amounts. If there is a "Miscellaneous/Other" expense item on a report, the item must describe on that month's report the nature of the "Miscellaneous/Other" item.

All submitted expenses must: (1) if in excess of $1,000, be approved in advance by Leadership Counsel; (2) comply with the parameters below; and (3) be adequately documented. Expenses shall be submitted on a monthly basis along with the monthly time submissions, as set forth on **Exhibit A**.

Only reasonable expenses incurred while performing work authorized by Leadership Counsel will be eligible for consideration as authorized expenses. Any expense that is unreasonable will be rejected unless approved by Overall Lead Counsel.

Costs generally not considered common Shared costs (as set forth below) shall be Held costs. Held costs are those that will be carried by each attorney/firm in this matter and reimbursed as determined by Overall Lead Counsel and the Court. No specific

4

client-related costs can be considered as Held costs. Routine office supplies are not compensable expenses. Held costs may include the following:

 A. **Travel Limitations**

Except in extraordinary circumstances approved by Leadership Counsel, all travel reimbursements are subject to the following limitations:

  1. Airfare: Coach fare only. If non-coach air travel is utilized, only the lowest available coach fare will be reimbursed, which must be contemporaneously documented and included in the submission.

  2. Hotel: Reasonable hotel room charges for the average available room rate of a business hotel in the stay city.

  3. Meals: Reasonable meal expenses. No alcohol charges will be reimbursed. Itemized receipts must be maintained and provided Overall Lead Counsel if requested by Overall Lead Counsel or the Court. Receipts that do not include an itemized list will not be considered for reimbursement.

  4. Cash Expenses: Miscellaneous cash expenses up to $50 per trip (for items for which receipts are not available), if the expenses are properly itemized.

  5. Automobile Rental: Reasonable automobile rentals.

  6. Mileage: Mileage claims must be documented by stating origination point, destination, total actual miles for each trip and rate per mile paid by the attorney's firm. The reimbursement rate will be the IRS Standard Business Mileage Rate for the period in which the mileage was driven.

7. Entertainment: Entertainment expenses will NOT be reimbursed.

**B.     Non-Travel Limitations**

Except in extraordinary circumstances approved by Leadership Counsel, all non-travel reimbursements are subject to the following limitations:

1. Entertainment or Alcohol are not permitted.

2. Meals: Only as approved by Overall Lead Counsel.

3. Long Distance, Conference Call, and Cellular Telephone Charges: Documented long distance, conference call, and cellular telephone charges. Such charges are to be reported at actual cost.

4. Shipping, Overnight, Courier, and Delivery Charges: Documented shipping, overnight, courier, or delivery expenses with invoices showing the sender, origin of the package, recipient, and destination of the package. Such charges are to be reported at actual cost.

5. Postage Charges: Documented postage charges. Such charges are to be reported at actual cost.

6. In-House Photocopy: Documented in house photocopy charges not to exceed actual cost or $0.05 per page for in-firm photocopies. Any necessary vendor photocopies shall be at actual cost.

7. Computerized Research: Lexis, Westlaw, PACER, or Bloomberg: Documented charges for Lexis, Westlaw, PACER, Bloomberg, or other computerized legal research expenses setting out the exact amount charged to the firm and appropriately allocated for these research services.

### III. VERIFICATION

Submission of the monthly time and expense forms shall constitute certification by each firm that the submission is truthful and accurate. Time and expense entries that are not sufficiently detailed will not be considered for payment. The failure to secure authorization from Leadership Counsel to incur time and expenses, or to maintain and timely provide such records or to provide a sufficient description of the activity, will be grounds for denying the recovery of attorneys' fees or expenses in whole or in part. Leadership Counsel will maintain all time submissions in a format so that the Court may review time or expense records as requested.

### IV. TIMING OF SUBMISSIONS

Each firm must submit a monthly time and expense report, in the precise format, as set out in **Exhibit A**. Report periods close on the last day of each month, and records for time worked or expenses incurred during that period must be submitted to Overall Lead Counsel at **smoen@gustafsongluek.com** by the 15th day of the following month regardless of whether the 15th day falls on a holiday or weekend. The first submission (which shall include any time and expense since the inception of the case through November 30, 2024) is due on December 15, 2024. After the initial submission, time and expense records shall be submitted on the 15th day of each month and shall cover the time period through the end of the preceding month. Failure to provide time and expense records timely as required by this Protocol will result in a waiver of that time and/or expense. Overall Lead Counsel may allow late submissions for good cause shown.

## V. AUDITING PROTOCOL

### A. Monthly Review of Submitted Time and Expenses.

Overall Lead Counsel, or its designee, regularly shall review time and expenses reports submitted. Overall Lead Counsel shall determine if the entries and expenses comply with this Protocol and shall evaluate the submitted time to ensure that it is reasonable under the circumstances and if the work was performed by appropriate paralegals, younger and more experienced counsel.

Overall Lead Counsel shall notify firms that submitted the time/expense report of any concerns with the reported time and expenses and allow an opportunity to cure the problems if appropriate.  Overall Lead Counsel shall notify any firm timely if any time or expenses are disallowed.  This will ensure that certain issues regarding the compensability of time/expenses and compliance with this Protocol can be dealt with in a timely manner as opposed to at the conclusion of the litigation, and thus seek to avoid future disputes regarding attorney fees and expenses.

Overall Lead Counsel shall provide the Court information regarding time and expense submissions as requested by the Court.

## VI. ASSESSMENTS

Counsel who submit time and expenses under this Protocol shall pay Assessments as directed by Overall Lead Counsel to pay Shared costs of this MDL litigation.  The timing and amount of each contribution shall be determined by Overall Lead Counsel.  Failure to pay assessments timely shall bar firms from compensation for time or expenses submitted for reimbursement.

All timely submitted, reasonable Shared costs as determined by Overall Lead Counsel shall qualify for submission and reimbursement from the Assessments. These Shared costs may include:

1. Court filing fees and transcript costs related to common issues.

2. Service costs, including translation fees, for service of the consolidated complaints on all domestic and foreign defendants named in those complaints.

3. Deposition and court reporter costs for depositions (excluding those that are client-specific, except as to those class representatives).

4. Document depository creation, operation, staffing, equipment, and administration.

5. Translation costs related to the above.

6. Legal, financial institutional, tax, and accountant fees relating to any the litigation accounts in which Assessments are kept.

7. Expert witness and consultant fees and expenses for experts whose opinions, advice, and testimony would be generic and for the benefit of all plaintiffs on either the provider side or patient side.

8. Printing, copying, coding, and scanning related to the expert work (only out-of-house or extraordinary firm costs).

9. Research by outside third-party vendors/consultants/attorneys.

10. Investigative services.

11. Mediation costs.

Dated: November 25, 2024                s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        United States District Judge