## UNITED STATES JUDICIAL PANEL
### on
### MULTIDISTRICT LITIGATION

**IN RE: CHANGE HEALTHCARE, INC., CUSTOMER
DATA SECURITY BREACH LITIGATION**        MDL No. 3108

### TRANSFER ORDER

**Before the Panel:** Plaintiff in the Western District of Michigan action (*Sifuentes*) listed on Schedule A moves under Panel Rule 7.1 to vacate the order that conditionally transferred his action to MDL No. 3108. Defendant Change Healthcare Inc. opposes the motion.

After considering the argument of counsel, we find that this action involves common questions of fact with the actions previously transferred to MDL No. 3108, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions in the MDL arise from a February 2024 cyberattack on Change Healthcare's network, which exposed the private information of millions of individuals and severely disrupted the ability of physicians, pharmacies, and other healthcare providers to use Change Healthcare's digital platform to access insurance information, fill prescriptions, submit insurance claims, and receive payment for services provided to patients. *See In re Change Healthcare, Inc., Customer Data Sec. Breach Litig.*, MDL No. 3108, __ F. Supp. 3d __, 2024 U.S. Dist. LEXIS 102148 (J.P.M.L. June 7, 2024). Like plaintiffs in the MDL, plaintiff in the *Sifuentes* action alleges that his personally identifiable and health insurance information were compromised in the data breach. The action thus falls squarely within the MDL's ambit.

Plaintiff raises a series of arguments in opposition to transfer. First, he contends that his claims under Michigan law may be unique. Even if true, this is not an obstacle to transfer. We have long held that "Section 1407 does not require a complete identity or even a majority of common questions of fact to justify transfer, and the presence of additional or differing legal theories is not significant when . . . the actions arise from a common factual core." *In re Air Crash over the S. Indian Ocean, on Mar. 8, 2014*, 190 F. Supp. 3d 1358, 1359 (J.P.M.L. 2016).

Next, plaintiff contends that Section 1407 does not provide for transfer without the parties' consent, and that the Panel may not transfer his action over his objection. This is incorrect. The Panel regularly transfers tag-along actions to MDLs despite one or more parties' opposition. *See In re Asbestos & Asbestos Insulation Material Prods. Liab. Litig.*, 431 F. Supp. 906, 910 (J.P.M.L. 1977) ("In an appropriate situation, the Panel has the power to order transfer in multidistrict litigation even if all parties are opposed to transfer."); *see also* Panel Rule 7.1 (setting out procedures for the determination of motions to vacate conditional transfer orders when a party opposes transfer). Plaintiff also argues that the Sixth Amendment and the Supreme Court's decision in *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998), bar transfer because they guarantee his right to participate in the trial of his action in person and in the

forum of his choosing. Again, plaintiff is mistaken. The Sixth Amendment guarantees certain rights to criminal defendants and has no application to plaintiff's civil action. Nor does *Lexecon* bar transfer. That decision requires that the *Sifuentes* action be remanded to the Western District of Michigan for trial if not resolved in the transferee court, but it does not preclude transfer to the MDL for pretrial proceedings.[1]

Plaintiff also contends that transfer will cause inefficiency and delay because, having established personal jurisdiction over Change Healthcare in the Western District of Michigan, he will be required to establish personal jurisdiction anew in the District of Minnesota. But as we have explained, "'[f]ollowing a transfer, the transferee judge has all the jurisdiction and powers over pretrial proceedings in the actions transferred to him that the transferor judge would have had in the absence of transfer.'" *In re Delta Dental Antitrust Litigation,* 509 F. Supp. 3d 1377, 1379 (J.P.M.L. 2020) (citing *In re FMC Corp. Patent Litig.*, 422 F. Supp. 1163, 1165 (J.P.M.L. 1976)). There is no need for plaintiff to establish personal jurisdiction over Change Healthcare in the transferee court.

Finally, plaintiff argues that transfer will cause him inconvenience and additional cost, and that he will "lose control" over litigation of his action. Plaintiff's concern appears to rest on the belief that he will be required to participate in person in proceedings in the transferee court, but as "Section 1407 transfer is for pretrial proceedings only, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise." *In re Cygnus Telecomm'ns Tech., LLC, Patent Litig.*, 177 F. Supp. 2d 1375, 1376 (J.P.M.L. 2001). In any event, in determining whether transfer is appropriate, we look to the "overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation." *In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351–52 (J.P.M.L. 2012).

---

[1] Plaintiff also suggests that Michigan's law requiring that all parties consent to the recording of conversations poses an obstacle to transfer. *See* MICH. COMP. LAWS § 750.539c. This statute applies to the recording of "private conversation[s]," and is not applicable to court proceedings.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable Donovan W. Frank for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

**IN RE: CHANGE HEALTHCARE, INC., CUSTOMER**
**DATA SECURITY BREACH LITIGATION**                    MDL No. 3108

## SCHEDULE A

Western District of Michigan

SIFUENTES v. CHANGE HEALTHCARE, C.A. No. 1:24−00850