UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: CHANGE HEALTHCARE, INC., CUSTOMER
DATA SECURITY BREACH LITIGATION                                MDL No. 3108


TRANSFER ORDER


     **Before the Panel:**[*] Plaintiffs in the two actions listed on Schedule A move under Panel Rule 7.1 to vacate the orders that conditionally transferred their actions to MDL No. 3108. Defendant CVS Pharmacy, Inc., also opposed the order conditionally transferring the Middle District of Tennessee *Pethick* action but, instead of moving to vacate the order, filed a "Statement Regarding Transfer" urging the "timely adjudication" of its motion to dismiss in the transferor court and requesting "any relief the JPML thinks proper." Defendant Change Healthcare Inc. opposes both motions.

     After considering the argument of counsel, we find that these actions involve common questions of fact with the actions previously transferred to MDL No. 3108, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions in the MDL arise from a February 2024 cyberattack on Change Healthcare's network, which exposed the private information of millions of individuals and severely disrupted the ability of physicians, pharmacies, and other healthcare providers to use Change Healthcare's digital platform to access insurance information, fill prescriptions, submit insurance claims, and receive payment for services provided to patients. *See In re Change Healthcare, Inc., Customer Data Sec. Breach Litig.*, 737 F. Supp. 3d 1367 (J.P.M.L. 2024). Both actions before us fall within the scope of the MDL. Like many other plaintiffs, plaintiff in *Pethick* alleges that, because of the Change Healthcare data breach, he was unable to fill his prescription. He seeks to represent a class of similarly situated persons. The Northern District of Georgia *Jersey Shore Anesthesiology* action shares common questions of fact with actions in the MDL brought by healthcare provider plaintiffs who, because of the data breach, were unable to submit insurance claims and receive payment for services provided to patients.

     Plaintiff in *Pethick* contends that his case differs from those of other individual plaintiffs because he alleges that he could not use his pharmaceutical savings card at a CVS pharmacy to obtain a discounted price on his prescription. But the MDL includes at least one putative class action that is brought on behalf of a class substantially identical to the *Pethick* putative class. *See* Compl. ¶ 155, in M.D. Tennessee *Castell v. Change Healthcare Inc., et al.*, No. 24-02370 (class action on behalf of "All individuals residing in the United States who participate in manufacturer savings card/'coupon' programs that utilize Defendants' systems and platforms and who were prevented from using such programs as a result of the Data Breach and the resulting disruption of

---

[*] Judge Matthew F. Kennelly did not participate in the decision of this matter.


- 2 -

processing of manufacturer savings card/'coupon' transactions"). Moreover, in the MDL, the consolidated complaint for patients contains additional claims that, because of the data breach, many plaintiffs were unable to use pharmaceutical discount cards or patient assistance payment plans to fill their prescriptions. *See* Patients' Consol. Compl., ¶¶ 37, 116.

Plaintiff in *Pethick* also argues that most of his claims are asserted against CVS, rather than Change Healthcare, and he asks that those claims be separated and remanded under Section 1407(a). Alternatively, he argues that informal coordination of discovery in his action and the MDL would be most efficient. We do not agree with either assertion. Plaintiff's claims against the Change defendants and CVS are closely intertwined and the injuries asserted are indivisible. Indeed, it seems likely that CVS will assert cross-claims against the Change defendants. In these circumstances, separation and remand may complicate, rather than simplify, resolution of plaintiff's claims. *See, e.g., MOVEit Customer Data Sec. Breach Litig.*, 699 F. Supp. 3d 1402, 1406 n.6 (J.P.M.L. 2023) ("'the seemingly indivisible nature of plaintiff's claims renders a partial transfer . . . impracticable'") (quoting *In re Juul Labs, Inc., Mktg., Sales Pracs., & Prods. Liab. Litig.*, MDL No. 2913, ECF Doc. 365, at 2 (J.P.M.L. Feb. 4, 2020)). Transferring *Pethick* in its entirety seems, in our opinion, the most prudent approach.

While CVS Pharmacy's position is somewhat unclear, it appears to ask that the Panel delay ruling on transfer until CVS's pending motion to dismiss *Pethick* for lack of personal jurisdiction is decided in the transferor court. The Panel has long denied objections to transfer based on the transferee court's purported lack of personal jurisdiction. *See In re Delta Dental Antitrust Litig.*, 509 F. Supp. 3d 1377, 1379 (J.P.M.L. 2020) ("[t]ransfers under Section 1407 are simply not encumbered by considerations of in personam jurisdiction and venue"; "[a] transfer under Section 1407 is, in essence, a change of venue for pretrial purposes") (*citing In re FMC Corp. Patent Litig.*, 422 F. Supp. 1163, 1165 (J.P.M.L. 1976)). At any time while plaintiff's motion to vacate was pending, the transferor court could have decided CVS's personal jurisdiction motion. *See* Panel Rule 2.1(d) ("[t]he pendency of a motion ... [or] conditional transfer order ... before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court."). If the transferor court had granted CVS's motion to dismiss, the Panel would perforce have vacated the CTO, as there would be no action pending in federal court for it to transfer. Now that the *Pethick* action is transferred to the MDL, CVS's motion may be addressed to the transferee judge, who "has all the jurisdiction and powers over pretrial proceedings in the actions transferred to him that the transferor judge would have had in the absence of transfer." *In re Delta Dental*, 509 F. Supp. 3d at 1379.

In the *Jersey Shore Anesthesiology* action, plaintiff alleges that, because of the Change Healthcare data breach and the shutdown of Change's systems, it was unable to submit insurance claims or bill patients and did not have access to the information it needed to collect from patients on its own. Its allegations and claimed injuries are virtually identical to those of other healthcare

- 3 -

provider plaintiffs in the MDL, and the *Jersey Shore* plaintiff would be a member of the putative classes in many of the MDL actions.[1]

Plaintiff argues that its complaint is a simple breach of contract action against an unrelated defendant—Change Healthcare Tech Enabled Services (CHTES)—which allegedly failed to provide the promised insurance billing and collection software services. CHTES, however, is a subsidiary of Change Healthcare, and the *Jersey Shore* plaintiff specifically alleges that the breach of contract was caused by a February 2024 cyberattack on CHTES's systems—in other words, the same data breach at issue in the MDL. *See* Compl. ¶¶ 13-14 ("On February 21, 2024, Defendant's computer systems were hacked" and "as a result . . ., Defendant was unable to access or retrieve any of Plaintiff's information" or to "continue its collection efforts on behalf of Plaintiff from Plaintiff's customers . . . ."). Plaintiff contends that its action is unique because CHTES, rather than plaintiff, was unable to access information needed for collection services. But, even assuming CHTES can be regarded as distinct from Change Healthcare, in previous data breach MDLs, we have tended to view claims against the entity that suffered the cyberattack and claims against downstream users of the system attacked as most efficiently included in one MDL. *See, e.g.*, *In re MOVEit*, 699 F. Supp. 3d at 1406 (declining to "[d]isentangle" the allegations against software provider and downstream users; "Although no single defendant is named in all cases, we are of the opinion that the parties can obtain significant efficiencies by placing all actions concerning the vulnerabilities in the . . . software before a single judge").

Moreover, in addition to its breach of contract claim, plaintiff in *Jersey Shore* asserts claims for negligence, misrepresentation, and fraud, including that CHTES was negligent in its "inability to avoid having its computer systems hacked" and "to mitigate Plaintiff's losses and provide a timely remedy to the computer hack," and that it intentionally misrepresented that it would "quickly resolve issues" with its performance and minimize plaintiff's losses. *See* Compl. ¶¶ 30-31, 43-44, 56. These allegations overlap with claims in the MDL "that Change Healthcare failed to take adequate measures to prevent and address the consequences of the cyberattack on its network," requiring discovery regarding "the measures taken after the data breach was discovered to notify those impacted and to restore healthcare providers' access to insurance and other information stored in the Change Healthcare platform." *In re Change Healthcare*, 2024 U.S. Dist. LEXIS 102148, at *3-4.

---

[1] *See, e.g.*, D. Minnesota *Pivot Point Counseling* Compl. ¶ 48 (putative class action on behalf of "All healthcare providers in the United States who have been unable to receive payment for insurance claims as a result of the February 2024 Data Breach"); W.D. Louisiana *Imperial Health LLP* Compl. ¶ 38 (putative class action on behalf of "All healthcare providers within the United States who suffered delays in processing claims and revenue cycle services by Defendants from February 21, 2024 to the present").

- 4 -

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable Donovan W. Frank for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Nathaniel M. Gorton          David C. Norton
Roger T. Benitez             Dale A. Kimball
Madeline Cox Arleo

IN RE: CHANGE HEALTHCARE, INC., CUSTOMER
DATA SECURITY BREACH LITIGATION  MDL No. 3108

## SCHEDULE A

<u>Northern District of Georgia</u>

JERSEY SHORE ANESTHESIOLOGY ASSOCIATES, P.A. v. CHANGE
    HEALTHCARE TECHNOLOGY ENABLED SERVICES, LLC,
    C.A. No. 1:24-05075

<u>Middle District of Tennessee</u>

PETHICK V. CHANGE HEALTHCARE INC., ET AL., C.A. No. 3:24-01227