**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: CHANGE HEALTHCARE, INC. CUSTOMER DATA SECURITY BREACH LITIGATION | MDL No. 24-3108 (DWF/DJF) |
| This Document Relates to All Actions | **PRETRIAL ORDER NO. 7 (*RE:* Coordination Order)** |

A Multidistrict Proceeding captioned *In re Change Healthcare, Inc. Customer Data Security Breach Litig.*, MDL Docket No. 3108 (the "MDL Proceeding"), is pending before U.S. District Judge Donovan Frank in the United States District Court for the District of Minnesota (the "MDL Court"). The subject matter of the MDL Proceeding is the cyberattack that occurred on or around February 21, 2024 (the "Cyberattack") against Change Healthcare, Inc. ("Change Healthcare").

A number of similar cases, borne from the Cyberattack, are also proceeding in multiple state courts ("State Court Proceedings").[1] In an effort to ensure that these related sets of cases avoid duplication and proceed efficiently, the MDL Court enters this order (the "Coordination Order").

[1] To the extent there are additional state court cases filed in the future related to the Cyberattack, this Order shall encompass those related state court proceedings and they will be included in its defined term "State Court Proceedings." For any new cases filed in state or federal court related to the Cyberattack, the parties to the MDL Proceeding will request that those cases be incorporated into this Order.

Except in certain circumstances, a federal multidistrict court typically cannot bind the state courts in parallel proceedings, and the state courts cannot bind the federal court. No court that signs this Coordination Order intends to violate that principle. But if the multidistrict court and a given state court simultaneously enter a coordination order, they can collectively and effectively direct the parties and counsel before them to coordinate. Some state courts may, solely within their discretion, choose to stay their actions pending the outcome of the MDL Proceeding. But some may join the Coordination Order to achieve maximum coordination so as to serve the interests of judicial economy and reduction of attorneys' fees and costs for many of the cases. It is in that spirit that this Coordination Order is entered.

The MDL Proceeding and the State Court Proceedings will involve many of the same factual allegations, circumstances, and parties, and discovery will substantially overlap. To achieve the full benefits of this MDL Proceeding, the MDL Court has and will continue to encourage coordination with courts presiding over the State Court Proceedings to coordinate discovery activities and other pretrial activities wherever it is practicable and desired by a given court or courts. The coordination of pretrial proceedings in the MDL Proceeding and the State Court Proceedings will likely minimize undue duplication of discovery and undue burden on courts, parties, and non-parties in responding to discovery requests, save substantial expense by the parties and non-parties, and produce substantial savings in judicial resources.

Each Court adopting this Coordination Order finds that coordination of discovery and pretrial scheduling in the MDL Proceeding and State Court Proceedings will further

the just and efficient disposition of each proceeding and therefore have concluded that the circumstances presented by these proceedings warrant the adoption of certain procedures to manage the litigation. A State Court Proceeding in which this Coordination Order has been entered by the Court in which the action is pending is referred to herein as a "Coordinated Action."

In consideration of the foregoing, the following procedures for discovery proceedings are adopted:

## I. DEFINITIONS

1. "Change Defendants" shall mean Change Healthcare Inc. and its parent, subsidiaries, and affiliates named as Defendants in the MDL or State Court Action.

2. "Change-Related Witnesses" shall mean employees, former employees, and agents of Change and its parent, subsidiaries, and affiliates.

3. "Coordinated Action" shall mean a State Court Proceeding in which the Coordination Order has been entered by the Court in which the action is pending.

4. "Coordinating Counsel" shall mean, collectively, the Overall MDL Lead Counsel, MDL Provider Track Co-Lead Counsel, MDL Patient Track Co-Lead Counsel, MDL Defendants' Counsel, and State Court Liaison Counsel.

5. "Discrete Issues" shall mean issues that are not related to the MDL Proceeding.

6. "Lead Questioner" shall mean the single lead questioner appointed for all MDL Plaintiffs and all plaintiffs in the Coordinated Actions for each deposition taken in the MDL Proceeding and Coordinated State Court Actions.

7. The "MDL Court" shall mean Judge Donovan W. Frank of the United States District Court for the District of Minnesota.

8. The "MDL Proceeding" shall mean MDL No. 24-3108 (DWF/DJF), *In re Change Healthcare, Inc. Customer Data Security Breach Litigation*, District of Minnesota.

9. "MDL Defendants' Counsel" shall mean Allison Holt Ryan, Peter H. Walsh, Michael M. Maddigan, Vassi Iliadis, and Alicia J. Paller of Hogan Lovells US LLP.

10. "MDL Liaison Counsel" shall mean Shawn M. Raiter of Larson • King LLP.

11. "MDL Patient Track Co-Lead Counsel" shall mean Karen Hanson Riebel of Lockridge Grindal Nauen PLLP, Bryan L. Bleichner of Chestnut Cambronne PA, and Brian C. Gudmundson of Zimmerman Reed LLP.

12. "MDL Provider Track Co-Lead Counsel" shall mean E. Michelle Drake of Berger Montague, Norman E. Siegel of Stueve Siegel Hanson LLP, and Warren Burns of Burns Charest LLP.

13. The "MDL Discovery Orders" shall mean the MDL Protective Order and the MDL ESI Order and any other order entered in the MDL Proceeding governing the conduct of discovery.

14. "Non-coordinated Actions" means state court cases in which coordination orders have not been entered.

15. "Non-Plaintiff Discovery" means discovery that is not produced by an individual Plaintiff or Class Representative.

16. "Non-Plaintiff Deposition" means a deposition other than that of an individual Plaintiff or Class Representative.

17. "Overall MDL Lead Counsel" shall mean Daniel E. Gustafson of Gustafson Gluek PLLC, overall lead counsel for MDL Plaintiffs.

18. "PSC" shall mean MDL Plaintiffs' Steering Committee counsel.

19. "Plaintiff Liaison" shall mean a designated liaison counsel in a Coordinated Action responsible for facilitating the coordination of discovery in the Coordinated Action and discovery in the MDL Proceeding.

20. "State Court Liaison Counsel" shall mean Matthew Sill of Fulmer Sill and David Hodge of Morris, King & Hodge P.C.

21. "State Court Proceedings" shall mean any state court lawsuit involving the same subject matter as the MDL, *i.e.*, the Change Data Breach.

## II. OPERATIVE TERMS AND ORDER

**IT IS HEREBY ORDERED** that the parties are to work together to coordinate discovery to prevent duplication of effort and to promote the efficient and speedy resolution of the MDL and the Coordinated Actions.

To that end, the following procedures for discovery and pretrial proceedings shall be adopted:

### A. Discovery and Pretrial Scheduling

19. All discovery and discovery-related pretrial scheduling in the Coordinated Actions will follow the discovery scheduling in the MDL Proceeding and the MDL Proceeding shall be used as the lead case for discovery scheduling in the Coordinated Actions.

20. Parties in the Coordinated Actions and their counsel shall be entitled to participate in Non-Plaintiff Discovery in the MDL Proceeding as set forth in this Order and in accordance with the terms of the MDL Discovery Orders. Parties in the MDL Proceeding and their counsel shall be entitled to participate in Non-Plaintiff Discovery in any Coordinated Actions as set forth in this Order.

21. While the MDL Discovery Orders will govern the MDL Proceeding and Coordinated Actions, if any court enters or has entered further restrictions, those further restrictions shall apply only to the action before that court, and shall not bind the parties in proceedings in the MDL or in proceedings in other Coordinated Actions.

### B. Use of Discovery Obtained in the MDL Proceeding or the Coordinated Actions

22. This Coordination Order is not intended to limit the use of any discovery taken either in the MDL Proceeding or in the Coordinated Actions.

23. If a Coordinated Action is not stayed, parties in that Action may take discovery on Discrete Issues as set forth in this Coordination Order. The MDL Court will encourage independent state-court treatment of Discrete Issues in the Coordinated Actions.

### C. Service and Coordination Among Counsel

24. MDL Defendants' Counsel shall file with the MDL Court and serve upon Overall MDL Lead Counsel, or his designee, and to State Court Liaison Counsel, copies of all Coordination Orders, Confidentiality or Protective Orders, and Orders designating plaintiffs' liaison counsel that are entered in the Coordinated Actions. Overall MDL Lead Counsel, or his designee, shall be responsible for distributing such documents to other counsel in the MDL Proceedings and State Court Liaison Counsel shall be responsible for distributing such documents to Plaintiff Liaison in each Coordinated Actions.

25. Any court wishing to grant the parties before it access to coordinated discovery may do so by joining this Coordination Order pursuant to paragraph 45, below, and appointing a Plaintiff Liaison in the Coordinated Action to facilitate coordination of discovery in the Coordinated Action and discovery in the MDL Proceeding.

26. Upon entry of this Coordination Order in a Coordinated Action, Overall MDL Lead Counsel, or his designee, upon request, shall promptly make available to the State Court Liaison Counsel (who shall in turn disseminate to the Plaintiff Liaison in each Coordinated Action) all Orders entered by the MDL Court, discovery requests (including requests for documents, interrogatories, depositions on written questions, requests for admission and subpoenas duces tecum), responses and objections to discovery requests, deposition notices, correspondence or other papers modifying discovery requests or schedules, and discovery motions (*i.e.*, motions under Fed. R. Civ. P. 26-37 or 45), or requests for hearing on discovery disputes regarding coordinated discovery matters that are served upon the parties in the MDL Proceeding, subject to the MDL Discovery

Orders. Plaintiff Liaisons in the Coordinated Actions shall be responsible for distributing such documents to other counsel for plaintiffs in their respective actions.

**D. Participation in Depositions**

27. For purposes of the MDL Proceeding and Coordinated Actions, Non-Plaintiff Depositions shall be first noticed and taken in the MDL Proceeding. If a Non-Plaintiff Deposition is noticed in a Coordinated Action, notice must be given to Overall Lead Counsel at least 30 days prior to the deposition and Overall Lead Counsel may cross notice the deposition, which shall then occur under the MDL Proceeding. If, upon such notice, Overall MDL Counsel choose not to take the deposition in the MDL Proceedings, Plaintiffs' Counsel in the Coordinated Action may proceed with the Non-Plaintiff Deposition in the court in which it was originally noticed.

28. For purposes of the MDL Proceeding and Coordinated Actions, Overall Lead Counsel, or his designee, will provide written notice to State Court Liaison Counsel of any Non-Plaintiff Depositions that will be noticed in the MDL Proceedings and shall coordinate with State Court Liaison Counsel in noticing Non-Plaintiff Depositions so that Non-Plaintiff Depositions shall be jointly scheduled, noticed, and conducted where possible.

29. Overall MDL Lead Counsel, or his designee, shall confer with State Court Liaison Counsel (who in turn will confer with Plaintiff Liaisons in the Coordinated Actions, or their designees), in advance of each Non-Plaintiff Deposition noticed, taking such steps as may be necessary to prevent duplicative questions, and to avoid duplicative depositions in the Coordinated Actions. The Overall MDL Counsel, or his designee,

shall meet and confer with MDL Defendants' Counsel and State Court Liaison Counsel (and Counsel for third party deponents as needed) in an effort to schedule Non-Plaintiff Depositions at mutually convenient times and places.

30. Overall MDL Counsel, or his designee, will be the Lead Questioner for all plaintiffs in the MDL Proceeding and all plaintiffs in all Coordinated Actions.

31. Counsel representing a party in the MDL Proceeding and Coordinated Action shall be permitted to attend any Non-Plaintiff Deposition in the MDL Proceeding or Coordinated Actions. One Plaintiffs' Counsel from each Coordinated Action and one counsel for the MDL Plaintiffs (in addition to the Lead Questioner) shall be permitted a reasonable amount of time to question the deponent in those depositions following questioning by the Plaintiffs' Lead Questioner. Questions asked by counsel shall not be duplicative of questions previously asked in the deposition. Each such counsel shall be permitted to make objections during examination by other counsel, in accordance with the statues, rules, and orders governing the parties represented by counsel. Participation of counsel from the MDL Proceeding and Coordinated Actions shall be arranged so as not to delay discovery or other proceedings as scheduled in the MDL Proceeding and Coordinated Actions.

32. Counsel representing any party to the MDL Proceeding or any Coordinated Action may obtain directly from the court reporter at counsel's own expense a transcript of any Non-Plaintiff Deposition taken in the MDL Proceeding or Coordinated Action. The transcript of any deposition taken shall not be used or disseminated in violation of

the terms of this Coordination Order and the MDL Discovery Orders, or applicable law in a coordinated proceeding.

33. Non-Plaintiff Depositions noticed in the MDL Proceeding and Coordinated Actions shall be deemed to have been noticed in both the MDL Proceeding and the Coordinated Actions.

34. Counsel and parties in either the MDL Proceeding or any Coordinated Action who do not attend a jointly noticed deposition are prohibited from re-taking that deposition except for good cause shown.

35. Defendants (directly or through counsel for plaintiffs in the MDL Proceeding for any Coordinated Action) may invite plaintiffs in Non-coordinated Actions to attend Non-Plaintiff Depositions jointly noticed under this Coordination Order. The unwillingness of one or more plaintiffs in Non-coordinated Actions to participate in a deposition shall not be grounds for rescheduling the deposition.

36. If a dispute arises regarding these depositions, including the adequacy of the notice or the allocated time for questioning, the parties agree to meet and confer to resolve such dispute; and if they are unable to do so, then the issue shall be submitted to the MDL Court for final resolution. Nothing in this paragraph shall be construed to limit a party's right to object or to seek a protective order concerning any proposed deposition on the grounds they are inadequately noticed, are unreasonably burdensome, duplicative, exceed applicable rules governing depositions, or similar grounds.

### E. Participation in Written Discovery

37. Overall MDL Lead Counsel (or his designee) shall take the lead in serving interrogatories, deposition on written questions, requests for admission, and requests for documents but shall confer with the State Court Liaison Counsel in the Coordinated Actions, or their designees, in advance of the service of requests for written discovery in the MDL Proceeding in order to take such steps as may be necessary to prevent additional duplicative interrogatories, deposition on written questions, requests for admission, and requests for documents in either the MDL Proceeding or the Coordinated Actions.

38. Plaintiffs' Liaison Counsel in any Coordinated Action, through the State Court Liaison Counsel, may submit requests for documents, interrogatories, depositions on written questions, and requests for admission to Overall MDL Lead Counsel, or his designee, for inclusion in the requests for documents, interrogatories, depositions on written questions, and requests for admission to be propounded in the MDL Proceeding. To the extent Overall MDL Lead Counsel, or his designee, decides not to include these in discovery requests they propound, Plaintiffs' Counsel in the Coordinated Action may propound them provided that the requests are non-duplicative of requests proposed in the MDL Proceeding.

39. All parties to the MDL Proceeding and the Coordinated Actions, through their respective Coordinating Counsel, shall be entitled to receive copies of Non-Plaintiff Discovery, including responses to interrogatories, responses to depositions on written questions, responses to requests for admission, and documents produced in either the MDL Proceeding or in any Coordinated Action, subject to and in accordance with the

terms of the MDL Discovery Orders, including the confidentiality protections set forth in the MDL Protective Order. This does not alleviate either party's obligation to comply with any state or local requirements governing production of documents in the State Court Actions. Any party or counsel otherwise entitled under this order to receive copies of discovery shall use such materials only in accordance with the terms of the MDL Discovery Orders.

40. Overall MDL Lead Counsel, or his designee, shall create a single document depository for use by all MDL PSC counsel.

41. Overall MDL Lead Counsel shall meet and confer with State Court Liaison Counsel regarding an equitable sharing of expenses with respect to the document depository.

42. Any party or counsel who is otherwise entitled under this Coordination Order and who requests additional copies of such discovery from Defendants pursuant to this paragraph shall reimburse Defendants for actual out-of-pocket costs incurred in connection with the copying and shipping of such discovery (including but not limited to document productions) and shall use such materials only in accordance with the terms of the MDL Discovery Orders and as set forth in this Coordination Order. Nothing in this paragraph is intended to shift the costs of responding to a discovery request itself.

**F. Discovery Dispute Resolution**

43. In the event that the parties are not able to resolve any disputes that may arise in the coordinated pretrial discovery, including disputes as to the interpretation of this Coordination Order or any MDL Discovery Orders, if the dispute relates to

overlapping discovery that pertains to both (a) any of the Coordinated Actions and (b) the MDL Proceeding, then such dispute will be presented to the MDL Court only. Any discovery disputes that may arise in the coordinated pretrial discovery that do not relate to any discovery involving MDL Counsel will be decided in the court governing the proceedings where the discovery was served, and in accordance with the rules of procedure governing that court.

44. Nothing contained herein shall constitute or be deemed a waiver of any objection of any defendant or plaintiff to the admissibility at trial of any documents, deposition testimony or exhibits, or written discovery responses provided or obtained in accordance with the Coordination Order, whether on grounds of relevance, materiality, or any other basis, and all such objections are specifically preserved. The admissibility into evidence in any Coordinated Action of any material provided or obtained in accordance with this Coordination Order shall be determined by the Court in which such action is pending.

**G. Implementing This Order**

45. Any court before which a State Court Action is pending may join this Coordination Order, thereby authorizing the parties to that State Court Action to participate in coordinated discovery as and to the extent authorized in this Coordination Order, provided that State Court Liaison Counsel is first appointed for the State Court Action.

46. Each court that joins this Coordination Order shall retain jurisdiction to enforce the terms of this Coordination Order as it affects proceedings before that particular court.

### H. Notice Between Plaintiffs' Counsel in State Court Proceedings and MDL

47. Notice consistent with the requirements of this Coordination Order shall be served via e-mail on the State Court Liaison Counsel and on Overall MDL Lead Counsel.

Dated: March 12, 2025

s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge