UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: CHANGE HEALTHCARE, INC. CUSTOMER DATA SECURITY BREACH LITIGATION | Case No. 24-md-3108 (DWF/DJF) |
| | PROTECTIVE ORDER AND QUALIFIED HIPAA PROTECTIVE ORDER |
| This Order Applies to All Actions | |

This matter is before the Court on the parties' Joint Statement Regarding the Proposed Electronically Stored Information Protocol, Protective Order, Coordination Order, and Discovery ("Joint Statement") (ECF No. 234). Based on the parties' Joint Statement and for good cause shown, the following shall govern discovery in this case ("Action"), and any person[1] subject to this Protective Order shall adhere to the following terms:

1. **Parties to this Protective Order.** This Protective Order governs all named parties in the Action, including any party added or joined to any complaint, as well as named parties to actions that may be consolidated into or coordinated with the above-captioned Action, and any non-parties who might produce or receive information produced in discovery in the Action, including via any state court's coordination order. A "Producing Party" is any Party or non-party to this Action who produces or discloses documents or information or ESI of any kind pursuant to any discovery request, subpoena, or otherwise, including, among other things, documents, deposition transcripts, deposition exhibits, interrogatory responses, and admissions ("Discovery Material"). A "Receiving Party" is any Party or non-party to this Action who receives Discovery Material pursuant to any discovery request, subpoena, or otherwise. A "Designating Party" is any

---

[1] Person herein shall mean person or entity.

Party or non-party designating Discovery Material as Confidential, Highly Confidential, and/or Protected Health Information under this Protective Order. A "Challenging Party" is any Party or non-party that challenges the designation of Discovery Material as Confidential, Highly Confidential, and/or Protected Health Information under this Protective Order.

2. **Scope of this Protective Order.** This Protective Order shall govern the use of Discovery Material designated as "Confidential," "Highly Confidential," or "Protected Health Information." Any person subject to this Protective Order who receives from any other person subject to this Protective Order any Discovery Material that is designated as "Confidential," "Highly Confidential," or "Protected Health Information" pursuant to the terms of this Protective Order (hereinafter "Designated Discovery Material") shall not disclose such Designated Discovery Material to anyone else except as expressly permitted hereunder or as otherwise ordered by the Court.

3. **Qualified HIPAA Protective Order.** The Parties agree that this Protective Order will constitute a Qualified Protective Order under 45 C.F.R. 164.512(e). In accordance with the HIPAA Privacy Rule, this Order allows for the disclosure and receipt of an individual's protected health information in the possession of Parties and non-parties for the limited purpose of this Action. In accordance with the HIPAA Privacy Rule, this Protective Order specifically (a) prohibits Parties and non-parties from using or disclosing protected health information received in this case for any purpose other than this Action; and (b) requires the return to the Producing Party or destruction of information designated as "Protected Health Information" (including all copies made) at the end of this Action. For electronically stored information, destruction will entail deletion from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert. Protected

Health Information shall be considered Highly Confidential and treated as such whether or not separately marked as Highly Confidential.

    4.    **"Confidential" Defined.**

        (a)    Any Producing Party producing "Confidential" Discovery Material may designate as "Confidential" only the documents or portion(s) of deposition transcripts that qualifies for protection under this Protective Order.

        (b)    Information or documents that are available to the public sector may not be designated as Confidential.

        (c)    Information or documents that qualify for designation as Confidential under this Protective Order include but are not limited to the following categories of Discovery Materials:

            (i)    non-public material that has received protection under Fed. R. Civ. P. 26(c);

            (ii)    non-public material relating to proprietary software, systems, or processes;

            (iii)    non-public material relating to ownership or control of any non-public company;

            (iv)    non-public business plans, product development information, marketing documents, business relationships with other parties or non-parties, negotiation strategies, or board of directors materials and presentations;

            (v)    non-public information of a personal or intimate nature regarding any individual;

(vi) any personally identifiable information ("PII") of the type described in Fed. R. Civ. P. 5.2 and including social security numbers, financial account numbers, passwords, dates of birth, home addresses, email addresses, and phone numbers;

(vii) non-public tax information (including income tax returns and attached schedules and forms, W-2 forms and 1099 forms);

(viii) non-public personnel or employment records of a person who is not a Party to the Action;

(ix) Names (plus any of the following: title, former title, home address, phone number, email address, or job history) of any senior current or former employee of any Defendant who have not been publicly disclosed; and

(x) any other material that is Confidential pursuant to applicable law, including but not limited to trade secrets.

5. **"Highly Confidential" Defined.**

(a) Information or documents that are available to the public sector may not be designated as Highly Confidential.

(b) Information or documents that qualify for designation as Highly Confidential under this Protective Order are Confidential information of a highly sensitive nature, including but not limited to the following categories of non-public information, the public disclosure of which is either restricted by law or will cause imminent and material harm to the business, commercial, financial, or personal interests of the Producing Party and/or

        third party to whom a duty of confidentiality is owed:

        (i)     non-public financial information;

        (ii)    non-public projections or plans regarding performance, budgets, pricing and business strategy, production, output, sales, marketing, or distribution practices;

        (iii)   non-public customer lists or information;

        (iv)   non-public margin, cost, and pricing information;

        (v)    non-public research, contracts, and technical information related to a Party's information security and management;

        (vi)   non-public computer code and associated comments and revision histories;

        (vii)  non-public formulas, engineering, specifications, schematics, or diagrams that define or otherwise describe or depict the algorithms or structure of software, hardware designs, or security architecture; or

        (viii) any other Discovery Material that the Producing Party believes warrants "Highly Confidential" treatment, including but not limited to Discovery Material the public disclosure of which is either restricted by law or will cause imminent and material harm to the business, commercial, financial, or personal interests of the Producing Party and/or third party to whom a duty of confidentiality is owed.

   c.    In the event that the Parties disagree as to what constitutes "imminent and

material harm," and the parties cannot reach resolution via meeting and conferring, the Designating Party has the burden to move the court to receive a protective order for such Discovery Material. The Discovery Material shall be treated as Highly Confidential until a ruling from the Court.

d. Any Designating Party may designate as "Highly Confidential" only the documents or portions or deposition transcripts that qualify for such protection under this Protective Order.

6. **Authenticity of Confidential and Highly Confidential Discovery Material.** By designating documents as Confidential or Highly Confidential, the Producing Party agrees that the Discovery Material is authentic under Fed. R. Evid. 901 through 903 and admissible under the business record exception pursuant to Fed. R. Civ. P. 803(6). This provision does not impact or prejudice the right of any Party to contest the alleged relevancy, privilege, other admissibility, or discoverability of Discovery Material.

7. **"Protected Health Information" Defined.**

(a) Documents containing information that is or may be considered protected health information may be designated as "Protected Health Information."

(b) Documents designated as or including Protected Health Information should be designated as Highly Confidential, but failure to designate Protected Health Information as Highly Confidential will not impact the Parties' agreement that Protected Health Information should be treated as Highly Confidential.

(c) "Protected Health Information" shall mean:

(i) information relating to the past, present, or future physical or mental health or condition of any individual, the provision of

        healthcare to any individual, or the past, present, or future payment for the provision of healthcare to any individual, which identifies the individual or with respect to which there is a reasonable basis to believe the information can be used to identify the individual;

    (ii)    "protected health information" as such term is defined and protected by state or federal law, including but not limited to the Standards for Privacy of Individually Identifiable Information, 45 C.F.R. Parts 160 and 164, promulgated pursuant to the HIPAA; and

        prescriptions, prescription notes, prescription records, lab tests, prescription drug event reports, medical bills, billing codes, claims forms, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits, individual health insurance or government payor information, payment for individual healthcare services, checks, notices, requests, summaries, and includes all notes, reproductions, excerpts, summaries, compilations, extracts, abstracts, oral communications, or other documents or media that are based on or derived from protected health information regardless of form or format.

8. **Copies of Confidential and Highly Confidential Material.** Any copies of Designated Discovery Material shall also be treated as Confidential, Highly Confidential, or Protected Health Information respectively.

9. **Designation of Documents.** The Designating Party shall designate Discovery Material by affixing the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," and/or "PROTECTED HEALTH INFORMATION" to each page of each document that contains the Designated Discovery Material. Any such stamp or designation shall not in any manner cover up, overlap upon, obscure, or otherwise conceal any text, picture, drawing, graph, or other communication or depiction in the document. Except as otherwise provided in this Protective Order or otherwise stipulated or ordered, designation of Discovery Materials that qualify for protection under this Protective Order shall be made before, or at the time of, production or disclosure.

10. **Designation of Deposition Transcripts.** With respect to deposition transcripts, a Producing Party or deponent (or their counsel of record) may designate a portion of the transcript as Confidential or Highly Confidential by (a) indicating on the record during the deposition that a question or an answer calls for Confidential or Highly Confidential information; or by (b) serving such designations within thirty (30) business days after receipt of the final transcript (or such other time as may be agreed to in writing by the Parties), listing the specific pages and lines of the transcript and/or the specific exhibits that are to be designated as Confidential, Highly Confidential, or Protected Health Information. Until thirty (30) business days pass (or a longer period, if needed, as agreed to by the Parties), the entire deposition transcript will be treated as if it has been designated Highly Confidential. The use of a document as an exhibit at a deposition shall not in any way affect its designation as Confidential, Highly Confidential, and/or Protected Health Information.

11. **Designation After Production.** If a Party or non-party determines that Discovery Material was inadvertently produced without being appropriately designated as Confidential,

Highly Confidential, or Protected Health Information, that Party may designate it as such by apprising all prior recipients of the Discovery Material in writing within seven (7) days of identifying such inadvertent disclosure. Upon receipt of such designation in writing, the Parties and other persons subject to this Protective Order shall take reasonable and appropriate steps to notify any and all recipients of the Discovery Material about the new designations and to retrieve the newly Designated Discovery Material from any person who is no longer permitted to have such information under this Protective Order.

12.     **Assertion of Privilege.** The Parties recognize that some documents may be redacted or withheld on the grounds of attorney-client privilege, work-product doctrine, common interest/joint defense, or other recognized privilege or protection from disclosure.

   a. The Parties agree to produce a privilege log no later than 45 days after the date of production from which the document would otherwise have been produced but was withheld. A Party's failure to provide a privilege log within the time set forth herein shall not by itself constitute a waiver of any privilege.

   b. In the event a custodian of a Producing Party is noticed for deposition, the Producing Party shall, 14 calendar days prior to a scheduled deposition, inform the Party that has noticed the deposition whether all of the Custodian's responsive documents have been produced or logged. The party noticing the deposition may elect to waive the requirements of this paragraph, or extend the time for the party being deposed to make the disclosures required under this paragraph.

   c. Privilege logs shall be produced in a cumulative manner, incorporating on each subsequently produced privilege logs any previously produced privilege logs

        and identifying in a searchable/sortable manner documents added (and any documents for which a privilege is no longer asserted, if any) since the last log update. No listings, therefore, shall be deleted from the log. For privileged documents included in not-fully-privileged families, the privilege log or correspondence accompanying each privilege log shall indicate the production volume(s) and/or Bates range(s) to which the privilege log applies. Privilege logs may include documents across Defendants or Plaintiffs, so long as the custodian of each document is made clear.

d.    A metadata privilege log shall identify the following information for each claimed privileged document, to the extent such information is available: (1) a unique document identifier; (2) the date of the document (using sent date for emails) and providing the date created and date last modified for documents); (3) the author of the document; (4) all recipients of the document (for emails, separately listing the To, CC, and BCC recipients); (5) the subject line of an email or file name, so long as the disclosure would not reveal information itself privileged or protected; if the disclosure would reveal information itself privileged or protected, then the field shall indicate "Privileged"; (6) the basis for withholding the document, and (7) a field indicating the privilege log volume. Additional information and description shall be provided if metadata is "insufficient" for evaluating privilege claims.

e.    Only privileged documents will be logged on the privilege log. For example, if a parent document is privileged and the attachments are not privileged, only the parent will be withheld and logged on the privilege log, and the parent

would be "produced" with a slipsheet.

    f.    The following documents are presumptively privileged or attorney work product and need not be included on a privilege log:

        i.    Any communication between a Party and its outside counsel or inside litigation counsel after the date of filing of the first complaint naming that Party;

        ii.    All internal notes, memos, drafts or other internal documents that are created or prepared by a Party's outside counsel or inside litigation counsel after the date of filing of the first complaint naming that Party.

        iii.    Redacted documents need not be logged if the identities of all recipients, the subject matter and the reason for the redaction are clear from the face of the redacted document or its metadata. Any Party may request additional non-privileged information from the Producing Party as needed to understand the basis for the claimed privilege or protection.

        iv.    For purposes of this provision, "inside litigation counsel" shall mean litigation management attorneys and their staff who are employed by a Producing Party and have provided legal advice or attorney work product to the Producing Party in connection with litigating this Action.

13.    **Use of Designated Discovery Material.** Any recipient of any Designated Discovery Material may use such Designated Discovery Material solely for the prosecution and

defense of this Action and any appeals thereto, unless otherwise permitted by any order in this Action. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this Action.

14. **Disclosure of Confidential Discovery Material.** No person subject to this Protective Order, other than the Producing Party, shall disclose any of the Discovery Material designated by a Designating Party as Confidential to any person, except the following:

(a) The Parties to this Action, including the current employees of a Party and any person designated by a Party to testify as a Rule 30(b)(6) witness in this Action;

(b) as to any document: (i) its author, (ii) its addressee(s), (iii) any person indicated on the face of the document as having received a copy, (iv) any other person mentioned or referred to therein, or (v) any witness who a Party's counsel in good faith believes reviewed or had personal knowledge of the subject matter of the document.

(c) the Parties' insurers and counsel to those insurers, provided such insurer or counsel to insurer executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(d) counsel retained specifically for this Action or to provide legal advice to a Party related to the Change Healthcare cyberattack, including all attorneys of such counsel's law firms who are assisting, as well as any other non-attorneys who may be assisting counsel, including any paralegal, clerical, or other assistant employed by such counsel and assigned to this matter ("Outside Counsel");

(e)     in-house counsel for the Parties (or in-house counsel for the Parties' parents or affiliates), including any paralegal, clerical, or other assistant employed by such counsel and assigned to this matter ("In-House Counsel");

(f)     outside vendors or service providers (such as copy-service providers, document-review providers, document reviewers, eDiscovery providers and consultants, document-management consultants, graphic production service providers, or other litigation support service providers) that a Party or Outside Counsel hires and assigns to this matter;

(g)     any mediator, arbitrator, or special master that the Parties engage or that this Court appoints in this Action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(h)     any person retained by a Party or Outside Counsel to serve as an expert witness or otherwise provide specialized advice to Outside Counsel in connection with this action, including their staff, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(i)     stenographers engaged to transcribe depositions conducted in this Action;

(j)     this Court, including any appellate court, and the court reporters and support personnel for the same; and

(k)     other persons agreed to in writing by the Producing Party (or Designating Party, if not the same as the Producing Party), or agreed to verbally on the record at a deposition, but such consent shall not be unreasonably withheld, or upon order of the Court and on such conditions as may be agreed or

ordered.

15. **Disclosure of Highly Confidential Discovery Material.** No person subject to this Protective Order, other than the Producing Party, shall disclose any of the Discovery Material designated by a Designating Party as Highly Confidential to any person, except the following:

    (a)    The individuals identified in Paragraph 14(b)-(k);

    (b)    the Producing Party and the Party's current employees, directors, or agents, including any person designated as a Rule 30(b)(6) witness on behalf of the Producing Party;

    (c)    The Producing Parties' affiliates or their current employees, directors, or agents, including any person designated as a Rule 36(b)(6) witness on behalf of an affiliate, during a deposition in which an affiliate's employee, director or agent is testifying.

16. **Non-Disclosure Agreements.** Prior to any disclosure of any Designated Discovery Material to any person required to execute a Non-Disclosure Agreement under this Protective Order, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, maintain such signed Non-Disclosure Agreement, and produce it to opposing counsel upon request.

17. **Filing of Designated Discovery Material.** In filing with this Court any Discovery Material that has been designated as Confidential, Highly Confidential, or Protected Health Information in this Action, the Parties will follow the "Sealed Civil User's Manual" and Local Rule 5.6 in this Court, except that joint motions regarding continued sealing pursuant to Local

Rule 5.6(d)(3) are not due until 21 days after the presiding judge issues a decision on the underlying motion. Joint motions regarding continued sealing shall address the extent to which any materials a party seeks to keep sealed played a material role in the underlying decision. *See IDT Corp. v. eBay,* 709 F.3d 1220 (2013).

18. **Challenging Confidentiality Designations**. Any Party can challenge the designation of Confidential or Highly Confidential at any time. Unless a prompt challenge to a designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Action, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. The Parties agree to limit such objections to documents that the Challenging Party reasonably anticipates using in this Action. The Challenging Party must give written notice to the Designating Party, explain the basis for its belief that the confidentiality designation was not proper, and give the Producing Party an opportunity to review the designated document, reconsider the designation, or explain the basis for the designation. The Producing Party must respond to the challenge within ten (10) business days with a written response to the Challenging Party explaining the basis for the designation. The Parties shall meet and confer in good faith to attempt to resolve any dispute. If the dispute cannot be resolved, either party (i.e., the Challenging Party or the Designating Party) may move for an order. The burden of maintaining the confidentiality designation remains always on the Designating Party. The document or information that is subject to the challenged designation shall be treated with the higher confidentiality designation being discussed, pending resolution of the dispute. In the event the Court rules that challenged material was incorrectly designated, the Producing Party shall reproduce copies of all such materials within fourteen (14) business days of the Court's order so

ruling.

19. **Disclosure of Confidential Discovery Material in Response to a Subpoena or Other Compulsory Process.** The recipient of a lawful subpoena for Designated Discovery Material, or request associated with another compulsory process request will within three (3) business days of receipt of the subpoena or other compulsory process: (a) provide a copy of the subpoena (or other form of process) to the Designating Party; (b) provide a copy of this Protective Order and notice in writing to the subpoenaing or requesting party that some or all of the material covered by the subpoena or other compulsory process is subject to this Protective Order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Designated Discovery Material may be affected. If the Designating Party timely seeks a protective order, the party served with the subpoena or other compulsory process shall not produce any information designated in this Action as Designated Discovery Material before a determination by the court from which the subpoena or other compulsory process issued, unless the party has obtained the Designating Party's permission.

20. **No Waiver of Privilege.** The Parties agree that they do not intend to disclose information subject to a legally recognized claim of privilege or other protection ("Non-Discoverable Information"). If a Producing Party discovers it has disclosed any Non-Discoverable Information, it shall promptly (within 14 business days) notify the Receiving Parties in writing. The production of Non-Discoverable Information is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. A Party or non-party that discovers or learns that it may have received a privileged or otherwise protected document shall notify the Producing Party in writing within seven (7) business days and, if the Producing Party confirms the information was privileged, shall retrieve and return or destroy all copies of the

document within seven (7) business days without distributing, disseminating, or reproducing the document. Nothing in this Protective Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Producing Party that such materials have been produced.

21. **Unauthorized Disclosure of Confidential or Highly Confidential Discovery Material.** If a Receiving Party learns that any person not authorized under this Protective Order has obtained Designated Discovery Material, the Receiving Party must promptly (a) notify the Producing Party in writing; (b) use reasonable efforts to retrieve all unauthorized copies of the Designated Discovery Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order; and (d) request such person or persons execute Exhibit A. Unauthorized inadvertent disclosure does not change or waive the status of Discovery Material.

22. **Trial or Hearing(s).** Prior to the Action proceeding to trial or any hearing, the Parties will meet and confer to determine a process through which Designated Discovery Material is to be presented as evidence, and will subsequently present the suggested process to the Court.

23. **Coordination.** The Parties anticipate that a Coordination Order will be entered in this Action, to govern the coordination of discovery between the MDL Action and state court litigation and/or other litigation or investigations stemming from the cyberattack at issue in the Action. To the extent Designated Discovery Material produced in this Action is re-produced in any other setting pursuant to a forthcoming Coordination Order or other court order or process, the Parties intend for this Protective Order to govern the treatment of those materials.

24. **Duration of this Protective Order.** This Protective Order shall survive the termination of this Action, and remain binding throughout, including but not limited to, final

adjudication of any appeals and petitions for extraordinary writs, and the pendency of any matters related to MDL member cases that may be remanded back to the transferor courts. The Court retains jurisdiction even after termination of this action to enforce this Protective Order and to make such amendments, modifications, deletions, and additions as the Court may deem appropriate.

25. **Final Termination of this Protective Order**. Within sixty (60) days of the final disposition of this Action, including any and all appeals and the termination of any matters related to MDL member cases that may be remanded back to the transferor courts, all Designated Discovery Material, and all copies thereof, shall be returned to the Producing Party (if requested in writing) or destroyed. Notwithstanding the foregoing, Outside Counsel for any Party shall be entitled to retain all court papers, trial transcripts, exhibits, and attorney work product provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

**IT IS SO ORDERED.**

Dated: March 26, 2025  *s/ Dulce J. Foster*
Dulce J. Foster
United States Magistrate Judge

## EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: CHANGE HEALTHCARE, INC. CUSTOMER DATA SECURITY BREACH LITIGATION | Case No. 24-md-3108 (DWF/DJF) <br><br> **CERTIFICATION** |
| This Documents Relates to All Actions | |

      I, _____, have read and understand the Protective Order governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential, Highly Confidential, or Protected Health Information in this action ("Designated Discovery Material"). I understand and agree that certain Designated Discovery Material is subject to state and federal statutory and regulatory privacy and security standards, including but not limited to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the Health Information Technology for Economic and Clinic Health Act of 2009 (the "HITECH Act"), and regulations adopted thereunder by the U.S. Department of Health and Human Services, 45 C.F.R. Parts 160, 162, and 164.

      I agree to comply with and be bound by all terms of the Protective Order. I agree that I will not disclose such Designated Discovery Material to anyone other than for purposes of this litigation, in strict accordance with the Protective Order. I agree that I will develop, implement, maintain, and use appropriate and reasonable administrative, technical, and physical safeguards to preserve the privacy, integrity, and confidentiality of any Designated Discovery Material, and to prevent non-permitted use or disclosure of any Designated

Discovery Material I receive from any person in connection with this case. At the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it or, upon permission of that party or attorney, destroy such information as soon as practical, but no later than thirty (30) days after termination of this action.

      By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the District of Minnesota for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

      I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____      _____(Signature)

                                                                     _____(Printed Name)