# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: CHANGE HEALTHCARE, INC. CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>*This Document Relates To All Provider Actions* | Case No. 24-md-3108 (DWF/DJF)<br><br>**DEFENDANTS' SURREPLY TO PLAINTIFFS' REPLY IN SUPPORT OF MOTIONS FOR PRELIMINARY INJUNCTION AND DECLARATORY JUDGMENT** |
| This Document Relates to:<br><br>TOTAL CARE DENTAL and ORTHODONTICS, ET AL.,<br>    Plaintiffs,<br>v.<br>UNITEDHEALTH GROUP INCORPORATED, ET AL.<br>    Defendants.<br><br>[Case No. 25-cv-00179] | |
| This Document Relates to:<br><br>ODOM SPORTS MEDICINE P.A. D/B/A ODOM HEALTH & WELLNESS,<br>    Plaintiffs,<br>v.<br>UNITEDHEALTH GROUP INCORPORATED, ET AL.<br>    Defendants.<br><br>[Case No. 25-cv-00949] | |

Defendants respectfully submit this surreply to address and correct arguments and factual assertions raised for the first time in Plaintiffs' Reply Brief in Support of Motions for Preliminary Injunction and Declaratory Judgment, Dkt. 342.

**The Purported Claims "Backlog."** In their opening motion and supporting briefs, Plaintiffs asserted that TFAP repayment was "premature" because providers had not yet been *paid* for claims they submitted during the temporary pause in Change Healthcare's services. *See, e.g.*, Dkt. 278 at 3 ("The plain language of the TFAP contract provides that repayment is due only once claims processing services have resumed *and* all payments impacted during the Service Shutdown are fully processed (i.e., all payments are in the process of being paid)"); Dkt. 291 at 3 ("Even though many Providers have not received all payments for services provided months ago and are far from 'back to normal,' Defendants are demanding that Providers repay the loans in full on an expedited timeline . . . Providers' businesses are not back to normal because . . . Providers have not received all valid claims payments that accrued during the Service Shutdown."). However, in their Reply Brief, Plaintiffs now contend that their obligation to repay their TFAP loans should be delayed due to an alleged claims "backlog." *See* Dkt. 342 at 25. Plaintiffs offer no evidence—whether in their filings or in discussions with Defendants—to support the existence of a claims backlog. Specifically, Plaintiffs have provided no information whatsoever about what claims are supposedly impacted by such backlog, where in the process such backlog is occurring (i.e., at claims submission or adjudication), or what amounts are subject to such backlog. Critically, Defendants' records reflect that *no such backlog exists* for Change Healthcare's clearinghouse services. *See* Declaration of John

Foss in Support of Defendants' Surreply to Plaintiffs' Reply in Support of Plaintiffs' Motions for Preliminary Injunction and Declaratory Judgment, ¶ 3. This Court should not credit Plaintiffs' unsupported assertion of a claims "backlog" where the record contains no evidence that such backlog exists.

**Plaintiffs' Claims Submissions.**  Furthermore, Plaintiffs now argue in their Reply Brief that "Providers had no time to catch up in submitting claims that had accrued during the Service Shutdown before UHG began enforcing timely filing deadlines." Dkt. 342 at 5.  To the contrary, the available evidence demonstrates that Plaintiffs Dillman Clinic and Labs ("Dillman") and Odom Sports Medicine P.A. d/b/a Odom Health & Wellness ("Odom") were able to submit—and in fact successfully submitted—claims to United Healthcare ("UHC") as early as March 2024. *See* Declaration of Karen Black in Support of Defendants' Surreply to Plaintiffs' Reply in Support of Plaintiffs' Motions for Preliminary Injunction and Declaratory Judgment, ¶¶ 3-4. Dillman was able to submit claims to UHC as early as March 7, 2024, and their post-Cyberattack claims have been adjudicated by UHC on average less than eight days after they were received. *See id.* ¶ 3. Odom was able to submit claims to UHC as early as March 4, 2024, and their claims have been adjudicated by UHC on average less than ten days after they were received. *See id.* ¶ 4.

**Defendants' Purported Refusal to Negotiate**. Finally, Plaintiffs now claim in their Reply Brief that they "tried to engage with Defendants to negotiate a realistic resolution," that "Defendants refused to budge" on their proposal for a six-month repayment plan, and that it is "offensive" to insinuate that providers would not repay their loans. Dkt. 342 at 18-

19. However, this statement is contradicted by Odom's own evidence, where their counsel made it clear that Odom had no intention of repaying its TFAP loans. *See* Odom Decl. Ex. E at 2 (demanding UHG withdraw its request for TFAP repayment "indefinitely" and noting that its alleged damages exceeded the TFAP funds they have received).

Plaintiffs' new arguments are contradicted by the facts available to Defendants and cannot serve as a valid basis for relief. Defendants therefore respectfully request that the Court deny Plaintiffs' Motions for Preliminary Injunction and Declaratory Judgment.

Respectfully submitted,

Dated: May 5, 2025

*/s/ Allison M. Ryan*
Allison M. Ryan
Alicia J. Paller (MN No. 0397780)
Joseph J. Cavanaugh
**HOGAN LOVELLS US LLP**
555 13th Street NW
Washington, DC 20004
Tel:  (202) 637-5600
Fax:  (202) 637-5910
allison.holt-ryan@hogbanlovells.com
alicia.paller@hoganlovells.com
joe.cavanaugh@hoganlovells.com

*/s/ Peter H. Walsh*
Peter H. Walsh (MN No. 0388672)
**HOGAN LOVELLS US LLP**
80 South Eighth Street, Suite 1225
Minneapolis, MN 55402
Tel:  (612) 402-3017
Fax:  (612) 339-5167
peter.walsh@hoganlovells.com

*/s/ Vassi Iliadis*
Vassi Iliadis
**HOGAN LOVELLS US LLP**
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
vassi.iliadis@hoganlovells.com
Tel:  (310) 785-4727
Fax:  (310) 785-4601

*Attorneys for Defendants*