UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: CHANGE HEALTHCARE, INC. CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | MDL No. 24-3108 (DWF/DJF)<br><br>**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

## INTRODUCTION

Defendants Change Healthcare Inc. and Change Healthcare Operations, LLC ("Change Defendants") moved to dismiss for lack of personal jurisdiction and, in addition, argued that Plaintiffs misused MDL procedures by filing their consolidated complaint in the District of Minnesota. Because Plaintiffs sought discovery related to personal jurisdiction (which is delaying briefing on those motions), Defendants requested and Plaintiffs agreed to brief the "misuse" arguments set out in Section II of their Motion to Dismiss for Lack of Personal Jurisdiction.

In their brief, Defendants cite vaguely to the "MDL Process" to support their argument that Plaintiffs "misused" the MDL, but cite to no MDL rules or orders from this Court that Plaintiffs violated. In the end, Defendants' argument lacks any legal or factual basis and any suggestion of wrongdoing by Plaintiffs should be rejected.

The Provider and Patient Plaintiffs each filed a consolidated complaint in the District of Minnesota, and those complaints were later incorporated into the MDL. Plaintiffs had a clear factual and legal basis to file in Minnesota, and Minnesota may be the

only state with personal jurisdiction over every Defendant. Indeed, Defendants conceded the Court's personal jurisdiction over all but two Change Defendants. Plaintiffs assert (and are currently conducting discovery to show) that the merger between Change Healthcare, Inc. and OptumInsight, Inc. and the resulting corporate relationships with the Minnesota-based Defendants[1] also confers the Court with personal jurisdiction over the Change Defendants.

Although the filings establish that Minnesota is the "transferor" court (in MDL parlance), Defendants ask the Court to ***redesignate*** each Plaintiff's home state as the "transferor." The Court should reject Defendants' mischaracterization of the consolidated complaints as directly filed in the MDL, reject Defendants' suggestion that Plaintiffs did something that violates MDL rules and recognize this Court as the "transferor" court on this limited issue.

## ARGUMENT

**I.      Plaintiffs Filed the Consolidated Complaints in the District of Minnesota as Properly Originating in this District**

Change Defendants claim that direct-filing into an MDL is prohibited or, when allowed, that plaintiffs must identify a "transferor" court for purposes of a later remand. Although Plaintiffs take no issue with the fact that MDLs often utilize direct file procedures to facilitate efficiency, that is not what happened in this case and therefore is irrelevant. here. As Plaintiffs have repeatedly told Defendants, both the Provider and Patient Plaintiffs

---

[1] Minnesota-based Defendants refers to UnitedHealth Group Incorporated ("UHG"); UnitedHealthCare Services, Inc.; Optum Insight, Inc. ("OptumInsight"); Optum, Inc.; Optum Financial, Inc.; Optum Bank; and Optum Pay.

2

filed their consolidated complaints as new actions in this Court and those complaints were incorporated into the MDL—not directly filed there. Dkt. 149 (the MDL docket noting that "Plaintiffs' consolidated complaints were filed and have been assigned the following case numbers: Providers' Consolidated Complaints see *Total Care Dental and Orthodontics et al v. UnitedHealth Grp., Inc., et al.*, 0:25-cv-00179 (DWF/DJF). Patients' Consolidated Complaint see *Christensen et al. v. UnitedHealth Grp., Inc. et al.*, 0:25-cv-00183 (DWF/DJF)."); *see also* Dkt. 251-4 at 1. Put simply, this district is the "transferor" court.

Completely untethered to any MDL rule or order of this Court, Defendants ask the Court to nonetheless find that Plaintiffs' filing of the consolidated complaints were improper under the MDL procedures and the Court's MDL-related orders. Yet Defendants do not point to language from any rule or order to support this claim. Instead, Defendants point primarily to cases outside this circuit to support this assertion. But even if they were binding (and they are not) Defendants' cited cases concern materially different facts than those here. For example, the case Defendants rely most heavily on is *In re Takata Airbag Prods. Liab. Litig.*, 379 F. Supp. 3d 1333 (S.D. Fla. 2019). In that case, the plaintiffs filed a consolidated complaint "directly in th[e] MDL proceeding", which included plaintiffs from several actions transferred to the MDL and also added new plaintiffs and claims. *Takata,* at 1336. The *Takata* plaintiffs argued the MDL court could "exercise personal jurisdiction over all Defendants pursuant to its authority as an MDL transferee court under Section 1407." *Id.* at 1333. The *Takata* court rejected that argument and held that after completion of the MDL, any directly filed action would be transferred "to a federal district court of proper venue as defied by 28 U.S.C. § 1391, pursuant to the Rules of the Judicial

3

Panel on Multidistrict Litigation and 28 U.S.C. § 1404(a)." *Id.* at 1345 (internal quotations omitted).

Defendants ask the Court to follow *Takata* and bar Plaintiffs from arguing that the Court has personal jurisdiction over the Defendants by virtue of the MDL. But that is not Plaintiffs' position. Plaintiffs did not directly file in the MDL and do not contend that the MDL confers personal jurisdiction in this Court. Rather, as described below, Plaintiffs filed their consolidated complaints—with their own civil cover sheets and case numbers—in the District of Minnesota because this District appears to be the only one with personal jurisdiction over all Defendants. Plaintiffs' filings correctly followed all MDL procedures.

## II. Defendants' Request to Redesignate Plaintiffs' Home States as the Transferee Court Violates Plaintiffs' Rights and Creates Unresolvable Jurisdictional Issues

Defendants ask the Court to reject Plaintiffs choice to file their consolidated complaints in the District of Minnesota and designate as the "transferor" court the district court where each Plaintiff resides. Defendants' proposal would rob Plaintiffs of their right to choose where to file their claims and would create inescapable jurisdictional issues.

As Defendants' authority makes clear, in an MDL, the designated transferor court must be one of proper jurisdiction. *Takata*, at 1345. Where multiple states may have jurisdiction, plaintiffs have the right to choose where to litigate their claims. *See Northrup King v. Compania Productora Semillas*, 51 F.3d 1383, 1389 (8th Cir. 1995) ("A plaintiff normally is entitled to select the forum in which it will litigate.").

Plaintiffs chose to file their consolidated complaints in the District of Minnesota, where personal jurisdiction is uncontested over all but the two Change Defendants.

4

Plaintiffs contend and are conducting discovery to show that the District of Minnesota also has personal jurisdiction over them based on one, if not both, of the following: (1) Minnesota-based Defendants directed Change Defendants' data security, establishing the Change Defendants' minimum contacts with Minnesota giving rise to breach and Plaintiffs' claims (specific jurisdiction); or (2) the Change Defendants' merger with OptumInsight shifted their principal place of business from Tennessee to Minnesota (general jurisdiction).[2] *See* Dkt. 331 at 12.

Outside of Minnesota, Plaintiffs may not be able to establish personal jurisdiction over the Minnesota-based Defendants and, in some cases, the Change Defendants. To establish specific jurisdiction in those states, Plaintiffs must show "an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum state." *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cnty.*, 582 U.S. 255, 264 (2017) (internal quotations omitted). "When there is no such connection, specific jurisdiction is lacking ***regardless of the extent of a defendant's unconnected activities in these states***." *Id.* (emphasis added) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 930 n.6 (2011) ("[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales.")).

---

[2] Because Defendants have not fully responded to Plaintiffs' jurisdictional discovery requests and interrogatories, Plaintiffs await relevant evidence to assess jurisdiction and support their jurisdictional allegations. Plaintiffs reserve all rights to make any additional specific, general, or consent-based jurisdictional arguments supported by discovery or case law, even if not specifically articulated here.

Defendants admit they have no relationship with any Patient Plaintiff and many Provider Plaintiffs, and thus, no apparent personal jurisdiction-enabling contacts exist in those Plaintiffs' home states. Dkt. 370 at 4–5. Since the Minnesota-based Defendants' liability stems from actions occurring exclusively in Minnesota—directing the Change Defendants' allegedly deficient data security and response to the resulting data breach and service shutdown—even if they conducted some activity in Plaintiffs' home states, it is irrelevant to the claims and likely insufficient to establish specific jurisdiction here. *See Bristol-Myers*, 582 U.S. at 256 ("Nor is it sufficient—or even relevant—that [defendant] conducted research in California on matters unrelated to [the claim]. What is needed—and what is missing here—is a connection between the forum and the specific claims at issue.").

Similarly, whether there is personal jurisdiction over the Change Defendants in certain Plaintiffs' home states may be unclear. Since the Change Defendants collected patient information over decades, their claim-enabling conduct may have occurred in a state other than where a given Plaintiff now resides. For example, for college students, snowbirds, or others who simply moved across state lines while data was collected, the collection by the Change Defendants occurred in a different state than where Plaintiffs now happen to reside. In such cases, the Change Defendants' relevant, personal jurisdictional-enabling activity did not occur in Plaintiff's current home state. Yet Defendants would propose to remand the case to these states (assuming the Court could remand cases to district courts in which cases were not filed) with uncertain personal jurisdiction. This problem is magnified since, for most Plaintiffs, the Change Defendants cannot or will not as of now identify how or from which state they obtained Plaintiffs' data.

6

It is thus clear that *no* Plaintiff outside of Minnesota could establish personal jurisdiction over every Defendant in their home state. These challenges prompted Plaintiffs to file the consolidated complaints in Minnesota, the only state with apparent personal jurisdiction over each Defendant. *See Bristol-Myers*, 582 U.S. at 268 ("Our decision does not prevent the California and out-of-state plaintiffs from joining together in a consolidated action in the States that have general jurisdiction over the [defendant.]"). Plaintiffs have the right to choose the place to litigate their claims, and properly did so here, where they filed in a forum court with personal jurisdiction over the Defendants before the case was moved to the MDL.

## CONCLUSION

The Court should reject Defendants' erroneous direct-file arguments and suggestion that Plaintiffs violated MDL rules or this Court's orders and recognize the District of Minnesota as the originating and "transferor" court and that it has personal jurisdiction over all Defendants.

Dated: June 3, 2025

    *s/Daniel E. Gustafson*
Daniel E. Gustafson (#202241)
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
dgustafson@gustafsongluek.com

*Plaintiffs' Overall Lead Counsel*

Shawn M. Raiter
**LARSON-KING LLP**
30 East Seventh Street, Suite 2800
St. Paul, MN 55101
Telephone: (651) 312-6500
sraiter@larsonking.com

*MDL Liaison Counsel*

Karen Hanson Riebel
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue S., Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
khriebel@locklaw.com

E. Michelle Drake
**BERGER MONTAGUE**
1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413
Telephone: (612) 594-5933
emdrake@bm.net

Bryan L. Bleichner
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue S., Suite 1700
Minneapolis, MN 55401
Telephone: (612) 339-7900
bbleichner@chestnutcambronne.com

Norman E. Siegel
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: (816) 714-7100
siegel@stuevesiegel.com

Brian C. Gudmundson
**ZIMMERMAN REED LLP**
1100 IDS Center
Minneapolis, MN 55402
Telephone: (612) 341-0400
Brian.Gudmundson@zimmreed.com

Warren Burns
**BURNS CHAREST LLP**
900 Jackson Street, Suite 500
Dallas, TX 75202
Telephone: (469) 458-9890
wburns@burnscharest.com

*Patient Track Co-Lead Counsel*

*Provider Track Co-Lead Counsel*