

Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
T  +1 202 637 5600
F  +1 202 637 5910
www.hoganlovells.com

June 9, 2025

**By Electronic Mail**

Hon. Donovan W. Frank
United States District Court for the District of Minnesota
Warren E. Burger Federal Building and U.S. Courthouse
316 North Robert Street, Suite 100
St. Paul, MN 55101
frank_chambers@mnd.uscourts.gov

Hon. Dulce J. Foster
United States District Court for the District of Minnesota
300 South Fourth Street
Minneapolis, MN 55415
Foster_Chambers@mnd.uscourts.gov

Dan Gustafson
Gustafson Gluek PLLC
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
dgustafson@gustafsongluek.com

Re:   *In re: Change Healthcare, Inc. Customer Data Sec. Breach Litig.*, **MDL No. 0:24-md-03108-DWF-DJF: Update on Compliance with May 21, 2025 Order (ECF No. 365)**

Dear Judges Frank and Foster, and Counsel:

I write with an update regarding Defendants' compliance with the Court's Order of May 21, 2025 (ECF No. 365) (the "Order"). While the Order did not set deadlines, Defendants are working expeditiously to comply with the Order.

As an initial matter, Defendants confirm to the providers named in the Consolidated Complaint (as well as Odom Health) that Defendants rescind prior repayment requests to those providers and will not seek to collect any TFAP amounts these providers received until the merits of TFAP loan collection have been adjudicated by this Court. *See* Order at 13. As well, to the extent other putative class members (those not named in the Consolidated Complaint) seek repayment pauses or plans due to potential financial hardship, Defendants have been and remain committed to working cooperatively with those providers regarding repayment options, without requiring a release of any rights in exchange.

To that end, Defendants would like to clarify an issue which the Court may have misinterpreted based on the record before it. The Order appears to suggest that Defendants have obtained releases based on providers' difficulty repaying TFAP loans without mentioning the TFAP dispute. That is not the case,

Hogan Lovells US LLP is a limited liability partnership registered in the state of Delaware. "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in: Alicante  Amsterdam  Baltimore  Beijing  Berlin  Birmingham  Boston  Brussels  Colorado Springs  Denver  Dubai  Dublin  Dusseldorf  Frankfurt  Hamburg  Hanoi  Ho Chi Minh City  Hong Kong  Houston  London  Los Angeles  Luxembourg  Madrid  Mexico City  Miami  Milan  Minneapolis  Monterrey  Munich  New York  Northern Virginia  Paris  Philadelphia  Riyadh  Rome  San Francisco  São Paulo  Shanghai  Silicon Valley  Singapore  Tokyo  Washington, D.C.  For more information see www.hoganlovells.com.

and to be clear, Defendants have not, and will not, seek or obtain releases in exchange for TFAP forgiveness, pausing recollection, or repayment plans.

Rather, the scenario Defendants described in paragraph 17 of the Sidwell Declaration, ECF No. 333, involved situations where a provider sought a settlement agreement based on alleged damages due to the Cyberattack, and separately had a balance of TFAP loans outstanding. In such cases, solely as an expediency, Defendants agreed to pay at least some portion of the settlement amount agreed between the parties in the form of forgiving the provider's TFAP loans. Releases in these circumstances were not provided in exchange for *TFAP forgiveness*, but as consideration for the *payment of alleged damages*, which happened to occur, at least in part, through TFAP forgiveness. As such, the scenario the Court may have envisioned in finding actual misconduct—that Defendants were obtaining broader releases of claims based on the Cyberattack when a provider was having difficulty repaying its TFAP loans—has not occurred, and Defendants maintain that the record does not support such a finding.

For this reason, there are no providers who require corrective notice as defined by the Order, because the Order requires Defendants to provide the corrective notice to providers who have given a release "in exchange for TFAP loan forgiveness or a delay on TFAP loan collection." Order at 23. *See also* Sidwell Decl., ECF No. 333 ¶ 17; Opp. to Ct. Super. Mot., ECF No. 336, at 12; Hearing Tr. at 88:21–89:15.

Defendants remain adamant that they have been open and honest in negotiations with providers, and do not believe the record supports the Order's finding of actual misconduct (as opposed to threatened misconduct). That being said, Defendants are not contesting the Court's Order at this time, and agree that the Court's narrowly tailored solution has the salutary effect of better insulating any releases from any potential appearance of impropriety. Accordingly, Defendants are taking the following steps:

Although, as noted above, Defendants do not believe that any providers require corrective notice as described by the Order, Defendants are presently working to send the corrective notice language to any provider whose TFAP loans were forgiven in whole or in part as part of a broader settlement based on alleged damages from the Cyberattack. Defendants anticipate that such corrective notices will be sent prior to the upcoming hearing on June 12 or shortly thereafter.

As directed, Defendants will include the Court's language in any future communications with putative class members regarding a release of claims in exchange for TFAP loan forgiveness or a delay on TFAP loan collection.

Finally, Defendants are also working to provide the Court and Plaintiffs' Counsel with a list of putative class members from which they have obtained releases to date. The list will identify putative class members with which Defendants have settled damages claims related to the Cyberattack. Defendants do not read the Court's Order as requiring them to disclose claims, which could potentially include claims related to the Cyberattack, that were released in the course of ongoing business negotiations related to contracts between providers and Defendants, such as negotiations regarding contract pricing or renewal. Defendants anticipate providing an initial list to the Court and Plaintiff's Counsel via letter prior to the upcoming hearing on June 12. Because the releases contain confidentiality provisions, Defendants are also notifying the releasing parties of the mandated disclosure, and will mark the list as confidential under the Protective Order. In addition, because Defendants are compiling

the list based on information from multiple internal sources, the initial list may require supplementation should new or additional information be discovered.

Sincerely,

Allison M. Holt-Ryan

Partner
allison.holt-ryan@hoganlovells.com
Phone: (202) 637-5600