**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| **IN RE: CHANGE HEALTHCARE, INC. CUSTOMER DATA SECURITY BREACH LITIGATION**<br><br>*This Document Relates to All Actions* | Case No. 24-md-3108 (DWF/DJF)<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

# TABLE OF CONTENTS

**Page**

ARGUMENT .......... 2

I. Plaintiffs Directly Filed Their Complaints in the District of Minnesota Pursuant to PTO No. 1 and Their Refusal to Name Transferor Courts Violates PTO No. 1 and the MDL Statute .......... 2

II. Plaintiffs' Jurisdictional Arguments Fail .......... 4

CONCLUSION .......... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advanced Cardiology of South Jersey PC v. Change Healthcare, Inc.*,
No. 3:24-cv-00666 (M.D. Tenn.) .......... 5

*Bay Area Therapy Grp. A Marriage & Family Counseling Corp. v. Change Healthcare Inc.*,
No. 3:24-cv-01682 (N.D. Cal.) .......... 5

*Diagnostic & Interventional Spinal Care of Louisiana, Inc. v. UnitedHealth Grp. Inc.*,
No. 2:24-cv-01011 (E.D. La.) .......... 5

*Escobedo v. I-Flow Corp.*,
No. 10-1982, 2010 WL 5872426 (D. Minn. Nov. 9, 2010) .......... 4

*H. Lee Moffitt Cancer Ctr. & Rsch. Inst. Hosp., Inc. v. UnitedHealth Grp. Inc.*,
No. 3:24-cv-00661 (M.D. Tenn.) .......... 5

*Knox v. Impact MHC Mgmt., LLC*,
No. 24-cv-4235, 2025 WL 1285994 (D. Minn. May 2, 2025) .......... 7, 8

*Lemke v. Change Healthcare Inc.*,
No. 3:24-cv-00302 (M.D. Tenn.) .......... 5

*Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*,
523 U.S. 26 (1998) .......... 4

*Quarles v. Fuqua Indus., Inc.*,
504 F.2d 1358 (10th Cir. 1974) .......... 8

*SICK, Inc. v. Motion Control Corp.*,
No. 01-cv-1496, 2003 WL 21448864 (D. Minn. June 19, 2003) .......... 7

*Steinbech v. Cutler*,
518 F.3d 580 (8th Cir. 2008) .......... 8

*In re: Takata Airbag Prods. Liab. Litig.*,
379 F. Supp. 3d 1333 (S.D. Fla. 2019) .......... 3, 4

*Wirth v. PHC Las Cruces Inc.*,
No. 20-1340, 2021 WL 2805357 (D.N.M. July 6, 2021) .......... 8

**Statutes**

28 U.S.C. § 1407 .......... 1

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

28 U.S.C. § 1407(a) ....................4, 5

**Other Authorities**

J.P.M.L. Rule 1.1(e)....................5

Plaintiffs' strategic maneuvering of directly-filing the Consolidated Class Action Complaints ("CACs") before this Court flies in the face of well-established multidistrict ("MDL") litigation procedure, 28 U.S.C. § 1407, and this Court's Order (Pretrial Order ("PTO") No. 1, ECF No. 54).[1] Nothing in Plaintiffs' Opposition changes this conclusion. Rather than directly addressing Defendants' arguments, Plaintiffs instead manufacture and respond to arguments Defendants do not make or are irrelevant to the Court's decision on this particular issue.[2] This Court should reject Plaintiffs' misdirection and grant Defendants' Motion.

Any other result would incentivize the strategic manipulation of the MDL process that Plaintiffs attempt here in all MDLs moving forward. Namely, it would encourage plaintiffs in other MDLs to rush to courthouses across the nation to convince the Judicial Panel on Multidistrict Litigation to create a centralized action, only to then promptly dump plaintiffs who brought those original suits in favor of entirely new ones, all the while pushing the MDL Court to ignore the jurisdictions where these plaintiffs reside, the MDL process, and *Lexecon* in order try the entire action under the laws of the MDL Court's state laws.

---

[1] *Christenson v. UnitedHealth Grp. Inc.*, No. 0:25-cv-00183-DWF-DJF, ECF No. 1 (D. Minn. Jan. 15, 2025) (hereinafter "Individual CAC"); *Total Care Dental and Orthodontics v. UnitedHealth Grp. Inc.*, No. 0:25-cv-00179-DWF-DJF, ECF No. 1 (D. Minn. Jan. 15, 2025) (hereinafter "Provider CAC").

[2] Defendants were not planning to inject personal jurisdiction arguments into this brief pursuant to the parties' Joint Stipulation. ECF No. 366. However, Plaintiffs have chosen to base most of their Opposition on the ground that personal jurisdiction is proper in Minnesota. Defendants thus respond in kind. Defendants reserve all rights to make further personal jurisdiction arguments if and when those issues are briefed.

## ARGUMENT

### I. Plaintiffs Directly Filed Their Complaints in the District of Minnesota Pursuant to PTO No. 1 and Their Refusal to Name Transferor Courts Violates PTO No. 1 and the MDL Statute

Plaintiffs assert that because they filed their CACs as "new actions" and not in the MDL docket, they did not directly file them pursuant to PTO No. 1. *See* Opp. at 2-4. As an initial matter, if this is the case and Plaintiffs believe these Complaints to be entirely new, independent actions filed in the District of Minnesota, then Plaintiffs have not actually filed CACs as directed by the Court in PTO No. 3, ECF No. 83, ¶ 11, and there currently exists no operative actions in this MDL. But no party actually believes that Plaintiffs did not intend for the Complaints filed on January 15, 2025, to serve as their operative complaints pursuant to the forementioned order, and as such, Plaintiffs have to abide by the process set out in that Order, PTO No. 1, and by the MDL Statute.[3]

Plaintiffs are trying to confuse the issues through pleading gymnastics. Defendants' argument does not turn on which docket Plaintiffs filed these complaints in. Rather, Defendants' argument hinges on Plaintiffs' direct filing of their cases in the *District of Minnesota* pursuant to PTO No. 1 and seeking to have them serve as the operative

---

[3] Indeed, Plaintiffs' position is also belied by Plaintiffs' Leadership Counsel's prior representation to this Court that the direct filing of consolidated complaints was merely for the "administrative efficiency of not having to put these cases in these out[-]of[-]Minnesota jurisdictions and then have the MDL transfer them here." Hr'g Tr. 7:11-14 (Dec. 16, 2024). As the Court rightly recognized at that hearing, Plaintiffs' direct filing of the consolidated complaints would not obviate the need for this Court to "follow and deal with choice of law or what would have happened if we were in this state or that state." *Id.* at 6:14-17. That's because the direct filing of a complaint cannot be construed to "waive[]" Defendants' rights, "whether it's a choice of law or other issue." *Id.* at 6:9-12.

complaint for this litigation. This tactic and their refusal to name proper transferor courts violates PTO No. 1, the MDL Statute, and *Lexacon*, as detailed extensively in Defendants' Motion. Mot. at 17-20 (ECF No. 251); *see also* PTO No. 1, ¶ 7.[4]

Plaintiffs next proclaim that Defendants' requested relief is "untethered to any MDL rule or order of this Court." Opp. at 3. Not so. Defendants' Motion makes clear that Plaintiffs' scheme violates paragraph seven of PTO No. 1 and subsection (a) of the MDL Statute. Mot. at 17-18.

Further, rather than identify any basis for their arguments or any MDL precedent where an MDL Court has allowed such pleading, Plaintiffs instead attempt to distinguish this case from *In re: Takata Airbag Prods. Liab. Litig.*, 379 F. Supp. 3d 1333 (S.D. Fla. 2019) cited in Defendants' Motion by simply restating their argument that they did not directly file in the MDL, as the *In re: Takata* plaintiffs did. Opp. at 4. But again, this is not about which docket Plaintiffs selected—they intend to litigate the CACs as if they were filed in the MDL docket or there are currently no operative complaints. As Defendants have made clear, the narrow issue before the Court now is whether, by directly filing the CACs in the District of Minnesota, having them serve as operative complaints, and refusing

[4] To the extent Plaintiffs' argument implies that they did not directly file the CACs in the District of Minnesota pursuant to PTO No. 1, that argument is belied by Plaintiffs' contemporaneous statements. Indeed, on January 15, 2025, both before and after filing the CACs, Plaintiffs' counsel informed Defendants that Plaintiffs "rel[ied] on the [C]ourt's [PTO] [N]o. 1," and "direct[ly] filed the complaint(s) in the District of Minnesota" pursuant to that Order. Mot. Ex. A, ECF No. 251-3, at 2, 6 (email from Plaintiffs' counsel informing Defendants that Plaintiffs directly filed the CACs in the District of Minnesota pursuant to PTO No. 1).

to name proper transferor courts, Plaintiffs' pleading scheme violates PTO No. 1 and the MDL Statute. Mot. at 17-20.

On that issue, this case is very similar to *In re: Takata*. 379 F. Supp. 3d at 1344-45 (direct filing maneuvers are not permitted under Section 1407(a) and *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 40 (1998)); Mot. at 19-20). And just as in *In re: Takata*, the Court here lacks general and specific personal jurisdiction over Change Healthcare Inc. and Change Healthcare Operations, LLC. Mot. at 10-17. Whether Plaintiffs argue that personal jurisdiction is based on the MDL Statute or not, the result should be the same as *In re Takata*: "if any of the underlying legal actions go to trial, they will do so in the appropriate MDL transferor court—which is consistent with *Lexecon*, and required by Section 1407(a)." 379 F. Supp. 3d at 1333.

## II. Plaintiffs' Jurisdictional Arguments Fail

Plaintiffs' forum selection and personal jurisdiction arguments do not cure their misuse of the MDL process. Opp. at 4-7.

***<u>First</u>***, Plaintiffs' argument that granting Defendants' Motion would "rob" them of their choice of forum is meritless. *Id.* at 4. While true that a plaintiff may choose where to file its case, that choice must still comply with the law and this Court's Orders. Plaintiffs' forum choice is also afforded little deference when, like here, the plaintiffs at issue do not reside in Minnesota and the facts giving rise to their claims did not occur in Minnesota. *Escobedo v. I-Flow Corp.*, No. 10-1982, 2010 WL 5872426, at *2 (D. Minn. Nov. 9, 2010) (finding plaintiff's forum selection improper when the "Plaintiff does not reside in

Minnesota, does not have any connection to Minnesota, and because the events underlying this action did not occur in Minnesota"); *see* Mot. at 10-17.

Plaintiffs' argument is also contradicted by the fact that at least five of the named provider Plaintiffs first filed suit *outside of Minnesota*. *See Bay Area Therapy Grp. A Marriage & Family Counseling Corp. v. Change Healthcare Inc.*, No. 3:24-cv-01682 (N.D. Cal.); *H. Lee Moffitt Cancer Ctr. & Rsch. Inst. Hosp., Inc. v. UnitedHealth Grp. Inc.*, No. 3:24-cv-00661 (M.D. Tenn.); *Lemke v. Change Healthcare Inc.*, No. 3:24-cv-00302 (M.D. Tenn.); *Diagnostic & Interventional Spinal Care of Louisiana, Inc. v. UnitedHealth Grp. Inc.*, No. 2:24-cv-01011 (E.D. La.); *Advanced Cardiology of South Jersey PC v. Change Healthcare, Inc.*, No. 3:24-cv-00666 (M.D. Tenn.).[5] Four of these cases—all but the *Bay Area Therapy Group* case—are still active and will presumably be transferred back to the district in which they were filed upon the conclusion of pretrial proceedings here. This is exactly how multidistrict litigation is supposed to work; cases originally filed in various jurisdictions across the country are centralized in a single District for pretrial proceedings and then returned home for trial. 28 U.S.C. § 1407(a); *see* J.P.M.L. Rule 1.1(e). Plaintiffs' pleading scheme does not allow this to occur.

***Second***, although personal jurisdiction is irrelevant to whether Plaintiffs' pleading scheme violates PTO No. 1 and the MDL Statute, Plaintiffs spend nearly half of their Opposition arguing otherwise. Opp. at 4-7. To the extent the Court considers personal jurisdiction relevant to the narrow issue in this briefing, Plaintiffs have not adequately

[5] All of these cases were brought by providers that are represented by members of Plaintiffs' Lead Counsel Structure. *See* PTO No. 3, ¶ 3.

pleaded a prima facie case of personal jurisdiction over Change Healthcare Inc. and Change Healthcare Operations, LLC in Minnesota. Plaintiffs' arguments that Minnesota is the only court in the nation in which personal jurisdiction is proper over all Defendants is therefore incorrect.[6] Mot. at 10-17. Indeed, that position is based on the false premise that a single court in this country could hear and try all claims brought by all plaintiffs against all defendants in a case like this one; no court has such expansive jurisdiction, which is why the MDL process exists and why cases consolidated in an MDL like this one are transferred back to the appropriate districts after pretrial proceedings conclude. For purposes of this MDL, Defendants have not challenged personal jurisdiction when a claim is brought in the Plaintiffs' home state, and thus a Plaintiff's claims can be tried in their home state against all Defendants—it's only Plaintiffs' all-claims versus all-Defendants premise that fails.

Plaintiffs cite to a previous filing that itself appears to rely on four paragraphs—one from the Individual CAC and three from the Provider CAC—as a basis for jurisdiction. Opp. at 5 (citing Pls.' Choice-of-Law Mem., ECF No. 331, at 12, which itself cites to paragraph 209 of the Individual CAC and paragraphs 21, 33, and 168 of the Provider CAC). But none of the cited paragraphs makes a prima facie showing of personal jurisdiction.

Paragraph 209 in the Individual CAC says nothing about either *Change Healthcare Inc.'s or Change Healthcare Operations, LLC's* purposeful contacts with Minnesota, which is what matters. *See* Individual CAC ¶ 209 (alleging only that, "[a]s part of the

[6] Despite Plaintiffs' suggestion, the question is not whether some other court outside of Minnesota might have personal jurisdiction over all Defendants. Opp. at 4. Rather, it is whether Plaintiffs have adequately pleaded that this Court has personal jurisdiction over Change Healthcare Inc. and Change Healthcare Operations, LLC.

merger with Change Healthcare, [UnitedHealth Group Incorporated ("UHG")] made 'binding commitments' to customers to apply and maintain data security policies to protect customers' data 'and to uphold all contractual rights of Change Healthcare's customers to audit the protection and security of their data'"). Indeed, the Individual CAC (1) alleges both entities are incorporated and have their principal places of business *outside* of Minnesota, and (2) does not contain allegations that any Minnesota-based company is operating as the alter ego of either entity (or vice-versa). *See Knox v. Impact MHC Mgmt., LLC*, No. 24-cv-4235, 2025 WL 1285994, at *6 (D. Minn. May 2, 2025) ("mere 'interconnectedness' between entities does not plausibly allege alter-ego liability") (quoting *SICK, Inc. v. Motion Control Corp.*, No. 01-cv-1496, 2003 WL 21448864, at *9 (D. Minn. June 19, 2003)).

Plaintiffs also point to paragraphs 21, 33, and 168 of the Provider CAC but these likewise fail to establish personal jurisdiction over Change Healthcare Inc. and Change Healthcare Operations, LLC. Opp. at 5 (citing Pls.' Choice-of-Law Mem. at 12). Paragraph 168 is exactly the same as paragraph 209 of the Individual CAC and therefore fails for the same reasons discussed above. Paragraph 21 alleges that Change Healthcare Inc.'s place of incorporation is Delaware and its principal place of business is located in Tennessee and thus supports Defendants' arguments that general personal jurisdiction is improper in Minnesota. Provider CAC ¶ 21. The allegation that "Change Healthcare is now operated as part of Optum Insight and maintained the Change Platform at all relevant times" also supports the conclusion that Change Healthcare Inc. is a separate legal entity that "maintained the Change Platform at all relevant times." *Id.*; *see also Knox*, 2025 WL

1285994, at *6. And paragraph 33 alleges that Change Healthcare Inc. is a wholly owned subsidiary of UHG and that UHG "supervis[es]" Change Healthcare Inc.'s "cybersecurity practices and protocols." Provider CAC ¶ 33. That a parent company might supervise a wholly owned subsidiary—as all parents do—is insufficient confer personal jurisdiction over the subsidiary. *Steinbech v. Cutler*, 518 F.3d 580, 589 (8th Cir. 2008) ("[M]ere ownership of subsidiary is insufficient to justify personal jurisdiction."); *see also Wirth v. PHC Las Cruces Inc.*, No. 20-1340, 2021 WL 2805357, at *4 (D.N.M. July 6, 2021) (deeming supervision by a parent of a subsidiary insufficient to allege prima facie case of personal jurisdiction) (citing *Quarles v. Fuqua Indus., Inc.*, 504 F.2d 1358, 1363 (10th Cir. 1974)).

Accordingly, to the extent that the Court determines that personal jurisdiction is relevant to decide this Motion, as Plaintiffs argue, the Court should find that Plaintiffs have failed to plausibly plead a prima facie case of personal jurisdiction over Change Healthcare Inc. and Change Healthcare Operations, LLC.

## CONCLUSION

For all of these reasons, and the reasons discussed in Defendants' initial Memorandum of Law, ECF No. 251, the Court should grant Defendants' Motion.

Respectfully submitted,

Dated: June 10, 2025

*/s/ Allison M. Ryan*

Allison M. Ryan
Alicia J. Paller (#0397780)

Joseph J. Cavanaugh
**HOGAN LOVELLS US LLP**
555 13th Street NW
Washington, DC 20004
T. (202) 637-5600
F. (202) 637-5910
allison.holt-ryan@hogbanlovells.com
alicia.paller@hoganlovells.com
joe.cavanaugh@hoganlovells.com

Vassi Iliadis
Michael M. Maddigan
**HOGAN LOVELLS US LLP**
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
T. (310) 785-4600
F. (310) 785-4601
vassi.iliadis@hoganlovells.com
michael.maddigan@hoganlovells.com

Peter Walsh (#0388672)
**HOGAN LOVELLS US LLP**
80 South Eighth Street, Suite 1225
Minneapolis, MN 55402
T. (612) 402-3017
F. (612) 339-5167
peter.walsh@hoganlovells.com

***Counsel for Defendants***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 10, 2025, the foregoing was filed with the Clerk of Court using CM/ECF, which will service a Notice of Electronic Filing on all counsel of record.

*/s/ Allison M. Ryan*
Allison M. Ryan