IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: CHANGE HEALTHCARE, INC. CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>*This document relates to all provider actions.* | MDL No. 24-3108 (DWF/DJF)<br><br>**Motion of American Society of Anesthesiologists to Appear as Amicus Curiae and File Amicus Curiae Brief** |

    The American Society of Anesthesiologists (ASA) hereby moves for leave to appear in this matter as amicus curiae and to file an amicus curiae brief in support of the provider plaintiffs and in opposition to the defendants' motion to dismiss the negligence claim.

    The ASA, which includes more than 59,000 anesthesiologists and others involved in the medical specialty of anesthesiology, critical care, and pain medicine, is interested in this case because of its importance both to the financial stability of anesthesia practices across the country and to the security of their patients' information. The ASA believes its proposed amicus brief will assist the Court in evaluating a key contention about the negligence claim—the defendants' contention that they have no duty to exercise

1

reasonable care in maintaining the security of the patient information entrusted to them for processing insurance claims.

The ASA's proposed amicus brief explains that the Change Health Defendants owe a duty to protect the sensitive patient information that they receive (including personally identifying information and medical information) from loss through unsecure data systems. It is a basic principle of tort law that if one's own conduct creates a risk for others, then one owes a duty to exercise reasonable care. Here, the defendants created a risk by accepting what they knew to be sensitive patient information and storing it in systems that failed to use "even rudimentary cybersecurity precautions" to protect the information from loss. (Compl., ¶ 3.) This conduct—accepting valuable property in the form of information—is analogous to accepting a bailment, and with it comes a duty to exercise reasonable care to protect that property from loss. This analysis will be helpful to the Court, as the parties argue about whether any duty exists but do not address bailment law, which recognizes that a duty to protect arises from accepting valuable information, even if all of the elements of a bailment (such as a second duty to return a physical item) are not met. And indeed, Change's own code of conduct includes a duty to exercise care in handling sensitive information and to dispose of the data responsibly.

The amicus brief urges this Court to deny dismissal of the negligence claims and to hold that the defendants have a duty to protect and safeguard the sensitive information that they accept when processing of insurance claims—the same duty that arises with a traditional bailment.

Neither the Federal Rules of Civil Procedure nor this Court's local rules set a timeline for the filing of an amicus curiae brief. Instead, the decision whether to grant leave to file an amicus brief is entrusted to the discretion of the Court. While the ASA learned about the data breach itself not long after it occurred, the ASA did not learn about the pending motion to dismiss in this case until early May 2025. ASA members asked the ASA to speak on behalf of anesthesiologists to hold Change accountable for failing to exercise care for the patients that Change serves. In response to this information and member input, the ASA then acted promptly to research the issues and, after discovering that the defendants contend that they owe no duty to safeguard the sensitive information of millions of patients, acted promptly to prepare the attached brief. Allowing the ASA to submit its proposed 12-page amicus brief will not cause undue delay for this litigation. *E.g.*, *Goldstein v. Hochul*, 2022 WL 22915988, at *1 (S.D.N.Y. Oct. 19, 2022) ("the filing of an amicus brief three years after the commencement of a case [and] after the Parties' had submitted cross-motions for summary judgment was not untimely and would not cause unnecessary delay because no judgment had been rendered

3

on the motions"). And it will aid this Court as it fully considers the issues presented.

For the above reasons and based on all files and records in this case the American Society of Anesthesiologists respectfully asks this Court to grant its motion to appear as amicus curiae and to file an amicus curiae brief in this matter.

As neither the Federal Rules of Civil Procedure nor this Court's Local Rules specify the procedure for seeking leave to file an amicus brief, and as amicus curiae do not traditionally participate in oral arguments before the courts, ASA has not requested a hearing on this motion for leave to appear as amicus curiae and file an amicus brief and requests that the Court decide this motion on the papers. However, if the Court wishes to hear oral argument on this motion, please advise and ASA will schedule a hearing date.

Dated: July 1, 2025

BARNES & THORNBURG LLP

By: */s/ Christopher L. Lynch*
Christopher L. Lynch (#0284154)
225 South Sixth Street, Suite 2800
Minneapolis, MN 55402-4662
Tel: (612) 367 – 8768
Fax: (612) 333 – 6798
Christopher.lynch@btlaw.com

***ATTORNEYS FOR AMICUS CURIAE,
THE AMERICAN SOCIETY OF
ANESTHESIOLOGISTS***