UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: CHANGE HEALTHCARE, INC. CUSTOMER DATA SECURITY BREACH LITIGATION | MDL No. 24-3108 (DWF/DJF) |
| This Document Relates to:<br><br>Total Care Dental and Orthodontics, et al.,<br><br>Plaintiffs,<br><br>v.   Civil No. 25-179 (DWF/DJF)<br><br>UnitedHealth Group Incorporated, et al.,<br><br>Defendants.<br><br>Christenson, et al.,<br><br>Plaintiffs,<br><br>v.   Civil No. 25-183 (DWF/DJF)<br><br>UnitedHealth Group Incorporated, et al.,<br><br>Defendants. | **PRETRIAL ORDER NO. 18**<br>(*RE:* **Master Complaints and Striking Duplicate Parties)** |

As part of the briefing on Defendants' motions to dismiss, the issue of proper multi-district litigation ("MDL") filing procedure has been raised. The Court issues this Pretrial Order to clarify the record and proper procedures.

In Pretrial Order No. 3, the Court directed Plaintiffs to file consolidated complaints on or before January 15, 2025. (MDL No. 24-3108, Doc. No. 83 ¶ 11.) The Court's intention was to have Plaintiffs file a "master complaint." The Supreme Court

allows the filing of a master complaint to combine and summarize the discrete claims which were incorporated into the MDL. *See Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 413 n.3 (2015). The master complaint was intended to serve as the operative complaint for pretrial proceedings.

At the direction of the Court, Plaintiffs filed two new actions in the District of Minnesota, one on behalf of patients (the "Individual Track"), *Christenson, et al. v. UnitedHealth Grp. Inc., et al.*, No. 25-cv-183, and one on behalf of providers (the "Provider Track"), *Total Care Dental & Orthodontics, et al. v. UnitedHealth Grp. Inc., et al.*, No. 25-cv-179. (*See* MDL No. 24-3108, Doc. No. 149.) Each Track has its own consolidated class action complaint ("CCAC"). (Civ. No. 25-179, Doc. No. 1; Civ. No. 25-183, Doc. No. 1). Both parties agree that these were intended to be the operative complaints in the MDL. (*See* MDL No. 24-3108, Doc. No. 386 at 6.) Indeed, the parties have treated the CCACs as the operative complaints in the MDL when briefing the motions currently under advisement.

However, the CCACs are not proper master complaints because they added new plaintiffs which were not named in an underlying discrete case. Master complaints should not add new parties and claims because that defeats the purpose of summarizing the discrete claims incorporated into the MDL. If a plaintiff was not part of any discrete case, that plaintiff should not be included in a master complaint.

To rectify this, the Court treats the class actions filed as discrete cases incorporated into the MDL and treats the CCACs as the MDL's master complaints. To accomplish that, the Court strikes duplicate parties from the Individual Track CCAC and the Provider

Track CCAC so that only plaintiffs not otherwise named in a discrete action remain in *Total Care Dental* and *Christenson*. The Court directs Plaintiffs Lead Counsel to file amended complaints in *Total Care Dental* and *Christenson*, which remove allegations of duplicate plaintiffs, into their respective dockets.[1] These amended complaints will serve as the operative complaints for trial purposes only for the respective class actions.[2]

The original Individual Track CCAC and the original Provider Track CCAC will not change, however, for purposes of serving as the operative and master complaints for the MDL. The original CCACs are appropriate master complaints because they combine the claims of multiple discrete cases. To that end, the Court directs Plaintiffs Lead Counsel to email the undersigned's chambers with Microsoft Word versions of the original CCACs. The Court will modify only the caption of the documents, not the substance, and will file those documents as master complaints on the MDL docket.

To reiterate, the Court will treat the original CCACs as the operative and master complaints for MDL pretrial proceedings. The Court will therefore continue the motion to dismiss practice for these complaints that is already underway. That said, the Court directs the parties to meet and confer to determine if any additional briefing is necessary given this Order. If there are additional topics that the parties believe need to be briefed,

---

[1]   Amending the CCACs renders moot the motions to dismiss filed in the Individual Track and Provider Track dockets. The motions filed on the MDL docket remain open.

[2]   The Court acknowledges that there is also an ongoing dispute as to the impact of direct filing on choice-of-law analyses. The Court will address the choice-of-law question in its forthcoming order on the motions to dismiss.

the parties are directed to file a stipulation listing those topics. If the parties agree that briefing is complete, the parties are directed to file a stipulation so stating.

Based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Any duplicate plaintiff is stricken from the Individual Track Plaintiffs' consolidated class action complaint (Civ. No. 25-183, Doc. No. [1]).

2. Individual Track Plaintiffs are directed to file an amended class action complaint in the Individual Track docket (Civ. No. 25-183), including only the proper parties as explained above, on or before July 18, 2025.

3. Defendants' motions to dismiss the original consolidated class action complaint in the Individual Track docket (Civ. No. 25-183, Docs. No. [5], [9]) are **DENIED AS MOOT**.

4. Any duplicate plaintiff is stricken from the Provider Track Plaintiffs' consolidated class action complaint (Civ. No. 25-179, Doc. No. [1]).

5. Provider Track Plaintiffs are directed to file an amended class action complaint in the Provider Track docket (Civ. No. 25-179), including only the proper parties as explained above, on or before July 18, 2025.

6. Defendants' motions to dismiss the original consolidated class action complaint in the Provider Track docket (Civ. No. 25-179, Docs. No. [34], [38]) are **DENIED AS MOOT**.

7. Lead Counsel for Plaintiffs is directed to email the undersigned's chambers on or before July 11, 2025, with a Microsoft Word version of the original Individual

Track consolidated class action complaint (Civ. No. 25-183, Doc. No. [1]) and the original Provider Track consolidated class action complaint (Civ. No. 25-179, Doc. No. [1]).  The Court will then file those original consolidated class action complaints with the appropriate captions as the master complaints in the MDL docket.

8.      Lead Counsel for Plaintiffs and Lead Counsel for Defendants are directed to meet and confer to determine if additional briefing is necessary on the motions to dismiss.  If the parties agree that briefing on the motions is complete, the parties are directed to file a joint stipulation in the MDL docket affirming such.  If the parties believe more briefing is necessary, the parties are directed to file a stipulation in the MDL docket listing what specific issue(s) the parties wish to brief.  The relevant stipulation shall be filed on or before July 18, 2025.

Dated:  July 3, 2025                            s/Donovan W. Frank
                                                DONOVAN W. FRANK
                                                United States District Judge