**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

---

IN RE: CHANGE HEALTHCARE, INC.
CUSTOMER DATA SECURITY BREACH
LITIGATION

MDL No. 24-3108 (DWF/DJF)

**PLAINTIFFS' RESPONSE TO
NOMI HEALTH, INC.'S
RENEWED MOTION TO
REMAND**

---

### INTRODUCTION

After being removed to federal court, the JPML determined that Nomi Health Inc.'s case implicates the same or substantially similar parties, factual context, and legal claims at issue in this case as the dozens of other cases already transferred into in the MDL in the District of Minnesota. As Nomi Health's case has now been transferred into the MDL, this case should not be treated as procedurally distinct from any other case transferred to the District of Minnesota by the JPML. Nomi Health's case should therefore remain as part of the MDL until the conclusion of pretrial proceedings, and their Renewed Motion to Remand should be denied or deferred.

### BACKGROUND

Nomi Health, Inc. ("Nomi Health") filed a complaint against Change Healthcare Solutions, LLC, Change Healthcare Technology Enabled Services, LLC, UnitedHealth Group Incorporated, Optum Inc., and OptumInsight Inc. ("Defendants") in Georgia state court on February 21, 2025. (Dkt. 1, Ex. A[1]). On March 24, 2025, Defendants UnitedHealth

---

[1] All docket references refer to Case No. 25-cv-03213.

Group Incorporated, Optum Inc., and OptumInsight Inc (together, the "Removing Defendants") removed the case from the Superior Court of Gwinnet County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division, under 28 U.S.C. § 1441(a) and 1446(b), citing federal officer jurisdiction pursuant to 28 U.S.C. § 1442(a). (Dkt. 1). On March 25, 2026, Defendants filed a notice with the JPML, identifying Nomi Health's case as a tag-along action to the MDL. The JPML issued a conditional transfer order on March 26, 2025, to the District of Minnesota, concluding that the case involved questions of fact common to the actions previously transferred to the District of Minnesota. The same day, Defendants moved to stay all deadlines pending final decision by the JPML regarding transfer of the case to the MDL. (Dkt. 7). On April 3, 2025, Nomi Health filed its first motion to remand to the Superior Court of Gwinnet County, Georgia, in the Northern District of Georgia, Atlanta Division docket. (Dkt. 9). On April 30, 2025, the District Court for the Northern District of Georgia granted Defendants' motion to stay all deadlines (Dkt. 17), and the case was transferred to the MDL on August 18, 2025. (Dkt. 20).

On November 6, 2025, Nomi Health filed a Renewed Motion to Remand in the MDL docket. (Dkt. 25). At the November 20, 2025, status conference, this Court instructed lead counsel to respond only with regard to procedural issues related to the Motion.

**ARGUMENT**

The crux of Nomi Health's argument supporting their Renewed Motion to Remand is that there is no federal subject matter jurisdiction over their claims and, as such, it was improperly removed to federal court. Nomi Health argues that the Removing Defendants

2

distorted Nomi Health's complaint by focusing on the acts of an unnamed affiliate to provide a hook for the federal-officer removal statute. Whether or not the Removing Defendants satisfied the elements of the federal-officer removal statute is a substantive issue, and is therefore beyond the scope of the procedural bounds of this Response as requested by this Court. It does not, however, change the fact that the JPML determined that Nomi Health's complaint made substantially similar (if not identical) claims to the more than 100 cases filed against Defendants across the country. On that basis alone, there is no reason to treat Nomi Health's case as procedurally distinct from any other case transferred into the MDL from another district, and its Renewed Motion to Remand should be denied or deferred.

The purpose of an MDL is to coordinate or consolidate pretrial proceedings "for the convenience of parties and witnesses and [to] promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). This coordination is necessary to "avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." *In re Vioxx Prods. Liab. Litig.*, 360 F.Supp.2d 1352, 1354 (J.P.M.L.2005). The JPML evaluated Nomi Health's complaint when considering whether transfer into the MDL was appropriate and found that the case-specific issues of fact were not outweighed by the wealth of allegations common to other cases transferred into the MDL—those that focused primarily on the cyberattack, its causes, and the effects. It also noted that the JPML had transferred other cases that focused primarily on breach of contract, some of which involved issues that began months before the cyberattack. *See Nomi Health, Inc. v. Change Healthcare Solutions, LLC et al*, No. 25-CV-03213 (Dkt. 19 at 2). Nomi Health's

complaint has not been found to be sufficiently distinct such that deviation from the standard MDL process would be appropriate and would not promote just and efficient handling of pretrial proceedings.

Nomi Health's arguments for remand implicate fact-specific issues, including the applicability of federal officer jurisdiction pursuant to 28 U.S.C. § 1442(a). This Court retains the power to manage its MDL docket in the most efficient manner. Nomi Health's request that the Court decide party-specific fact-bound issues related to subject matter jurisdiction at the earliest stage of this MDL—before motions to dismiss impacting broad swaths of plaintiffs and claims have even been decided—runs counter to the principle that MDL transferee courts should manage their dockets to take advantage of economies of scale. Nomi Health's reliance on non-MDL matters as authority for when subject matter jurisdiction should be addressed also ignores the key case management differences between MDL case management and routine case management. As the Eighth Circuit has noted, "MDL courts must be given greater discretion to organize, coordinate and adjudicate its proceedings…." *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007). *See also In re: Gadolinium Contrast Dyes Prods. Liab. Litig.,* 536 F. Supp. 2d 1380, 1382 (U.S. Jud. Pan. Mult. Lit. 2008) (discussing MDL court's authority to establish "separate discovery and/or motion tracks—to efficiently manage this litigation."

In light of the need to manage MDL dockets differently than single-case dockets, MDL Courts frequently defer decisions on issues that might otherwise be handled up-front, including subject matter jurisdiction. For example, in *In re Zyprexa Products Liability*

*Litigation*, 594 F.3d 113, 128 (2nd Cir. 2010), Judge Kaplan observed in his concurrence to the Court's *per curiam* opinion that remand motions based on the purported absence of subject matter jurisdiction may properly be deferred in the MDL context:

> A district judge managing such a complex situation reasonably may conclude that the court's time, especially early in the litigation, is better spent on activities other than deciding scores or hundreds of individual remand motions. It often would be appropriate to conclude that many of the cases in which such motions are filed are likely to settle and that the expenditure of judicial remand motions likely would be wasted. Moreover, even if an MDL or comparable court dealt immediately with remand motions pending at a given moment, new cases and new remand motions are likely to be filed throughout the pendency of the litigation. Deciding each motion prior to addressing other issues common to all or most cases therefore could require a significant expenditure of judicial time and resources, derailing the progress of the litigation as a whole. Delays of this nature could well frustrate the purpose of MDLs, which is "to promote just and efficient conduct" of actions involving common questions of fact.

*See also Johnson v. DePuy Orthopaedics, Inc.*, No. 1:11 DP 21813, 2012 WL 13054734, at *5-6 (N.D. Ohio May 30, 2012) (noting propriety of Court's decision in the MDL to defer a decision on subject matter jurisdiction in favor of deciding other issues in the MDL and denying reconsideration of MDL case management order to that effect).

Deferral of motions involving subject matter jurisdiction is particularly appropriate when, as here, facts unearthed during discovery may shed light on the propriety of jurisdiction. For example, in *In re Fluoroquinolone Prods. Liab. Litig.*, No. MDL 15-2642 (JRT), 2016 WL 4154338, at *2 (D. Minn. Aug. 5, 2016), Judge Tunheim deferred a decision on subject matter jurisdiction pending the parties conducting further discovery. In so doing, he cited Judge Kaplan's *Zyprexa* concurrence. *Id.*

This Court should continue to focus on cross-cutting issues that impact multiple parties in the MDL. To that end, even without considering the substantive issues, from a

5

procedural standpoint, Nomi Health's Renewed Motion to Remand should be deferred at least until such time as the Court has issued its rulings on the pending Motions to Dismiss and established a schedule to move the case forward, including, potentially, a schedule for discovery, which may impact the appropriate timing for resolution of Nomi Health's motion.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this court deny Nomi Health Inc.'s Renewed Motion to Remand.

Dated: December 8, 2025

 s/Daniel E. Gustafson
Daniel E. Gustafson (#202241)
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
dgustafson@gustafsongluek.com

*Plaintiffs' Overall Lead Counsel*

Shawn M. Raiter
**LARSON-KING LLP**
30 East Seventh Street, Suite 2800
St. Paul, MN 55101
Telephone: (651) 312-6500
sraiter@larsonking.com

*MDL Liaison Counsel*

E. Michelle Drake (#387366)
**BERGER MONTAGUE**
1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413
Telephone: (612) 594-5933
emdrake@bm.net

Norman E. Siegel
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: (816) 714-7100
siegel@stuevesiegel.com

Warren Burns
**BURNS CHAREST LLP**
900 Jackson Street, Suite 500
Dallas, TX 75202
Telephone: (469) 458-9890
wburns@burnscharest.com

*Provider Track Co-Lead Counsel*