# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: CHANGE HEALTHCARE, INC. CUSTOMER DATA SECURITY BREACH LITIGATION | Case No. 24-md-3108 (DWF/DJF) |
| | **CASE MANAGEMENT ORDER** |
| | **MDL PRETRIAL ORDER NO. 24** |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy and inexpensive determination of this action, the following schedule and limits shall govern these proceedings.  This Order may be modified only upon a showing of good cause as required by Rule 16(b)(4) of the Federal Rules of Civil Procedure and Local Rule 16.3 or sua sponte by the Court.

## **DISCOVERY DEADLINES**

Discovery must be completed according to the following deadlines:

1. Rule 7.1 disclosures shall be made for all parties in the Consolidated Amended Complaints on or before **February 27, 2026.**

2. Deadline for initial disclosures required by Fed. R. Civ. P. 26(a)(1): **February 27, 2026**.

3. Interim deadline for substantial completion of document production: **July 1, 2026**.

4. Pursuant to the Court's Protective Order and Qualified HIPAA Protective Order (ECF No. 271 at 9), privilege logs pursuant to Fed. R. Civ. P. 26(b)(5)(A) must be served within **45 days** after each document production from which any privileged materials are withheld.

5. Lead counsel shall meet and confer regarding procedures and timing for noticing depositions or serving subpoenas under Fed. R. Civ. P. 30(b)(6) and file a stipulation setting forth any agreements regarding the same by **February 18, 2026**.

6. Deadline for completion of mental or physical examinations under Fed. R. Civ. P. 35: **July 31, 2026**.

7.  Deadline for completion of all fact discovery: **November 2, 2026**.  Parties must serve their discovery requests far enough in advance of this deadline to allow time to respond, as provided by the Federal Rules of Civil Procedure, on or before this date.  Fact discovery will not be further extended because a party learns something new at a deposition taken late in the fact discovery period. Accordingly, counsel and the parties must take this into account when scheduling any fact depositions.

## EXPERT DISCOVERY DEADLINES

**Class Certification Experts:**

1.  Deadline for disclosure and service of Plaintiffs' class certification expert identities and reports: **January 5, 2027**.

2.  Deadline for disclosure and service of Defendants' class certification expert identities and reports: **March 5, 2027**.

3.  Deadline for completion of all class certification expert discovery: **April 5, 2027**.

In the event that Plaintiffs seek to file an early class certification motion in either MDL Track, the parties first must meet and confer regarding the impact on timing of Defendants' class certification expert disclosures, reports and responsive briefing.  The parties shall file a stipulation on these issues if an agreement can be reached and may bring them to the Court if an agreement cannot be reached after a good faith effort to resolve them.

**Merits Experts:**

1.  <u>Joint Letters:</u> The parties request uncertain deadlines for merits expert discovery and dispositive motions that are triggered from the date of the District Judge's decision regarding Plaintiffs' anticipated motion for class certification.  Deadlines that do not consist of dates certain are generally disfavored because they cannot be calendared and often lead to date calculation disputes.  To address this concern, the Court hereby Orders the parties to file a joint letter in each MDL Track within **7 days** following the resolution of Plaintiffs' anticipated motion for class certification in that Track, stating the parties' positions regarding the exact dates applicable to the deadlines for merits expert discovery and dispositive motions based on the timelines set forth below.

2.  Deadline to disclose the identity of initial experts and serve initial expert reports (including any expert on which a party has the burden of persuasion and any other expert on which a party seeks to rely in its primary case, irrespective of burden):  The deadline as to each MDL Track shall be **30 days following resolution of the class certification motion** in that Track.

3.  Deadline to disclose the identity of rebuttal experts and serve rebuttal expert reports for each MDL Track: **60 days following resolution of the class certification motion** in that Track.  Rebuttal expert reports shall be limited in scope to the topics addressed in initial expert reports.

4.    Deadline to serve reply expert reports for each MDL Track: **90 days following resolution of the class certification motion** in that Track. Reply expert reports shall be limited in scope to the topics addressed in rebuttal expert reports.

5.    Deadline for completion of all expert discovery, including depositions, for each MDL Track: **120 days following resolution of the class certification motion** in that Track.

## DISCOVERY LIMITS

**Fact discovery** shall be limited per side to:

1.    20 consolidated interrogatories to be served jointly by Plaintiffs in both MDL Tracks, and 30 additional interrogatories to be served separately by Plaintiffs in each MDL Track (**80 total interrogatories for Plaintiffs**), to be answered by each Defendant separately.[1]

2.    30 interrogatories to be served by Defendants in each MDL Track (**60 total interrogatories for Defendants**), to be answered separately by each named Plaintiff in the respective MDL Track.

3.    30 consolidated document requests to be served jointly by Plaintiffs in both MDL Tracks, and 30 additional document requests to be served separately by Plaintiffs in each MDL Track (**90 total document requests for Plaintiffs**), to be answered by each Defendant separately.[2]

4.    45 document requests to be served by Defendants in each MDL Track (**90 total document requests for Defendants**), to be answered separately by each named Plaintiff in the respective MDL Track;

5.    50 requests for admissions to be served jointly by Plaintiffs in both MDL Tracks, and 25 additional requests for admission to be served by Plaintiffs in each MDL Track (**100 total requests for admission for Plaintiffs**), to be answered separately by each Defendant.[3] This limit does not include requests for admissions as to the authenticity or admissibility of documents, as to which the parties shall meet and confer.

6.    50 requests for admissions to be served by Defendants in each MDL Track (**100 total requests for admission for Defendants**), to be answered separately by each named Plaintiff in the respective MDL Track. This limit does not include requests for

---

[1] Defendants may issue joint answers if appropriate. Defendants must clearly identify in their answers when they are answering jointly for all Defendants or only for specific Defendants.

[2] Defendants may issue joint responses if appropriate. Defendants must clearly identify in their responses when they are responding jointly for all Defendants or only for specific Defendants.

[3] Defendants may issue joint responses if appropriate. Defendants must clearly identify in their responses when they are responding jointly for all Defendants or only for specific Defendants.

admissions as to the authenticity or admissibility of documents, as to which the parties shall meet and confer.

7.    Plaintiffs' Depositions: **280 hours** of fact depositions for both MDL Tracks combined, including Fed. R. Civ. P. 30(b)(6) depositions and third-party depositions, with a total limit of **55 depositions** inclusive of any 30(b)(6) depositions.

8.    Defendants' Depositions: Defendants shall be entitled to take **one deposition** (either 30(b)(1) or 30(b)(6)) **of each named plaintiff** in each of the Provider and Individual MDL Track Consolidated Complaints. Defendants shall also be entitled to **100 additional hours** of deposition time for both MDL Tracks and third-party depositions, with a total limit of **20 additional depositions**.

9.    Depositions shall count as depositions (or the hours of a deposition) only for the party that first issued a deposition notice and not for any cross-notices of depositions.

**Expert discovery** shall be limited per side to:

1.    **12** plaintiffs' experts in each MDL Track under Fed. R. Civ. P. 26(a)(2)(B);

2.    **12** defense experts in each MDL Track under Fed. R. Civ. P. 26(a)(2)(B); and

3.    Each side may take one deposition per expert report.

## OTHER DISCOVERY ISSUES:

### Electronically Stored Information (ESI)

The Court's ESI Order (ECF No. 243) shall govern the exchange of documents in this action.

### Protective Order:

The Court's Protective Order and Qualified HIPAA Protective Order (ECF No. 271) shall apply to information exchanged in discovery in this case.

### Claims of Privilege or Protection:

The Court's Protective Order and Qualified HIPAA Protective Order (ECF No. 271) shall apply to claims of privilege or protection asserted in this case.

## NON-DISPOSITIVE MOTION FILING DEADLINES

Non-dispositive motions, memoranda and supporting documents must be filed and served according to the following deadlines:

1. Motions to join or add parties: **April 1, 2026**.

2. Motions to amend the pleadings: **April 1, 2026**.

3. Non-dispositive motions related to class certification expert discovery: **April 19, 2027**.

4. Non-dispositive motions related to merits expert discovery: **14 days** after merits expert discovery completion.

5. All other non-dispositive motions, including motions related to fact discovery: **November 6, 2026**.

6. Motions for Class Certification:
   a. Motions filed and served: **January 5, 2027**
   b. Opposition briefing filed and served: **March 5, 2027**
   c. Reply briefing: **April 5, 2027**.

7. Daubert motions for class certification experts: **April 19, 2027**.

## NON-DISPOSITIVE MOTION GUIDELINES

### Meet and Confer Requirement

Except as otherwise specified in Local Rule 7.1(a), the parties must comply with the meet and confer requirement before calling for a hearing date, filing any motion, or engaging in Informal Dispute Resolution (IDR). Parties must make a good faith attempt to confer through personal contact, rather than solely through written correspondence, email or voice messages. "Personal contact" includes in-person meetings, videoconferences and contemporaneous telephone calls. Whether parties raise non-dispositive disputes informally or through traditional motions, the parties must engage in a focused meet and confer process in a sincere effort to resolve or narrow their disagreements before seeking the Court's involvement.

<u>Unopposed Motions and Stipulations</u>

Whenever a party seeks relief from the Court, that party should file a motion—as opposed to a stipulation—even if the parties agree regarding the requested relief. The party requesting relief may bring an unopposed motion; if both parties seek the relief, the parties may bring a joint motion. In filing such a motion, the filing party must file: (1) the motion, including a statement regarding the opposing party's non-opposition or joinder; (2) a proposed order (which shall also be submitted in Word form to Judge Foster's chambers); and (3) supporting affidavits or exhibits, if any. The filing party does not need to contact Chambers for a hearing date and file a notice of hearing unless a hearing is requested and does not need to file a memorandum or separate meet-and-confer statement. The Court may, at its discretion, schedule a hearing on any such motion upon reviewing the moving party's submissions.

<u>Informal Dispute Resolution</u>

Whenever possible, the parties should bring discovery disputes to the Court using the Court's IDR process. IDR is only available when all parties with a stake in the disputed issue agree to use it. If the parties agree to use IDR, they must jointly contact Chambers by telephone or email at 612-664-5540 or Foster_Chambers@mnd.uscourts.gov to schedule a Zoom videoconference, which in this case will be recorded. Each party will then submit a short letter setting forth the issue(s) to be resolved, stating that party's position with respect to each issue, and confirming that the party has agreed to resolve the dispute through IDR. Charts and bullet-point summaries of the issue(s) are encouraged. Unless otherwise specified by the Court, letter submissions shall be no more than three (3) pages long and must be emailed to Chambers. The requesting party's letter shall be due five (5) business days before the Zoom videoconference is scheduled to take place, and the responding party's letter shall be due at least two (2) business days

before the Zoom videoconference is scheduled to take place.  The requesting party must submit a proposed order as a separate attachment to the requesting party's letter.  The responding party may submit a responsive proposed order if appropriate.

Given the absence of formal briefing and the fact that the Court's minute entry will not discuss the reasoning underlying the Court's decision, the decision on an issue submitted through the IDR process is final and cannot be appealed to the District Judge or preserved for the Court of Appeals, nor can a party revive the issue by filing a formal motion.  By agreeing to submit a dispute to IDR, the parties agree to live with the decision rendered on that dispute at the conclusion of the IDR process.

Formal Non-Dispositive Motions

Formal non-dispositive motions must comply with the Electronic Case Filing Procedures for the District of Minnesota, Local Rules 7.1 and 37.1, the Federal Rules of Civil Procedure and all other applicable rules.  Unless the motion is unopposed, the moving party must contact Chambers to schedule a hearing before filing the motion.  When calling for a hearing date, counsel for the moving party must be prepared to provide a high-level overview of the dispute and describe prior communications with opposing counsel regarding IDR and the meet-and-confer process.  **If the Court authorizes the moving party to file its motion with a hearing date to be determined ("TBD"), the moving party must file the motion with its motion papers within fourteen days of receiving such authorization.  Otherwise, the moving party must call Chambers again before filing the motion.**

Before scheduling a motions hearing the Court may, at its discretion, require the parties to participate in an informal status conference to discuss the dispute and determine whether the issues can be resolved or narrowed without motion practice.

Unless the motion is unopposed, pursuant to Local Rule 7.1(b) **a hearing date (or permission to file TBD) must be obtained before any non-dispositive motion is filed, even if the parties agree that no hearing is necessary**.  If the parties agree that a hearing is not necessary, the moving party should include a statement to that effect in the Notice of Hearing. The Court will determine whether to cancel the hearing after briefing is complete. Parties are advised not to notice additional motions for hearing on an already existing hearing date without first contacting the Court and obtaining permission to do so.

**Do not send paper courtesy copies of filings to Chambers.**  If the motions contain or refer to documents that are not filed on ECF, those documents should be emailed to Chambers at Foster_Chambers@mnd.uscourts.gov. Parties should email courtesy copies of proposed orders in Word format to Chambers.

**If the dispute is related to written discovery or the contents of depositions**, the parties must jointly fill out a chart (see template below) that describes each disputed discovery request and response and each party's position and last offer of compromise. This chart must be in Word format and emailed to Chambers at Foster_Chambers@mnd.uscourts.gov at least five business days before the hearing.  Failure to provide this chart to the Court may result in the cancellation of the hearing.

## Case Name and Number

To assist the Court in more efficiently resolving the parties' discovery dispute, the parties shall meet and confer, and jointly complete the following chart.  The purpose of this chart is not to repeat, or cut and paste, the arguments present in the parties' memoranda, but to identify succinctly each party's position and the compromise last offered at the meet and confer.  Please attach additional sheets as necessary.  At least five business days before the hearing, the fully completed chart shall be e-mailed to chambers at Foster_Chambers@mnd.uscourts.gov.

| Discovery Request at issue (Verbatim) | Movant's Position | Respondent's Position | Movant's Last Offered Compromise | Respondent's Last Offered Compromise | Notes |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |

Counsel for Moving Party: _____

Counsel for Responding Party: _____

Date: _____

## **FILING DOCUMENTS UNDER SEAL**

Counsel must be familiar with Local Rule 5.6 on filing documents under seal in civil cases and must comply with the Rule when seeking to file documents under seal. The designation of material as confidential or protected by any party pursuant to a protective order during the course of discovery is not a sufficient justification for continued sealing.

Unless the parties agree or the Court orders otherwise, the joint motion regarding continued sealing required under Local Rule 5.6(d)(2) should be filed by the party who filed the first document under temporary seal in connection with the underlying motion(s). The joint motion must be filed **within 21 days after the district judge issues an order**[4] resolving the underlying motion(s), or within 21 days after the magistrate judge issues an order if the underlying motion(s) will not be presented to a district judge. The joint motion must be filed using the Joint Motion

---

[4] This deadline is later than the deadline set forth under LR 5.6(d)(2), to allow the parties to address "the role of the material at issue in the exercise of Article III judicial power". *See IDT Corp. v. eBay,* 709 F.3d 1220, 1224 (8th Cir. 2013).

Regarding Continued Sealing Form, which is available on the Court's website at: https://www.mnd.uscourts.gov/forms/joint-motion-regarding-continued-sealing.

## DISPOSITIVE MOTION GUIDELINES AND DEADLINES

Dispositive motions as to each MDL Track shall be filed, served, and scheduled on or before **150 days** following a ruling on the class certification motion in that Track.  All dispositive motions shall be filed and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and in compliance with Local Rule 7.1.  Counsel shall schedule the hearing by calling the Courtroom Deputy for District Judge Donovan W. Frank, at 651-848-1296.  When a motion, response, or reply brief is filed on CM/ECF, **two** paper courtesy copies of the pleading and all supporting documents shall be mailed or delivered to the Courtroom Deputy, at the same time as the documents are posted on CM/ECF.

## SETTLEMENT

Judge Foster will schedule an informal conference with Lead Counsel from each side in her chambers to discuss settlement.  Lead Counsel are directed to jointly reach out to Judge Foster's Courtroom Deputy regarding proposed dates for the conference by **February 11, 2026**. Each party shall submit a 1-2 confidential *ex parte* letter to Judge Foster by email at Foster_Chambers@mnd.uscourts.gov outlining the topics that party believes should be addressed during the conference to facilitate the parties' settlement negotiations.  The letters shall be due **7 days** before the scheduled conference date.

The Court may *sua sponte* schedule status conferences or settlement conferences to explore options for alternative dispute resolution.  In addition, the Court will in its discretion consider joint or *ex parte* requests that the Court schedule a settlement conference or otherwise assist in settlement negotiations, provided that the content of any *ex parte* request shall be strictly limited

to the topic of settlement and shall not comment on any matter that may come before the Court for a ruling. Such requests shall be submitted to Chambers at Foster_Chambers@mnd.uscourts.gov. The Court will treat *ex parte* requests as confidential unless otherwise advised.

## **BELLWETHER TRIALS**

The Parties must meet and confer as to whether Bellwether merits motions practice and trials, including Bellwethers or other measures to resolve specific issues in the litigation, would be useful to the Parties and the Court, and raise this issue after they have tried to work together to resolve any disputes.

Date: February 4, 2026

*s/ Dulce J. Foster*

DULCE J. FOSTER
United States Magistrate Judge