

# United States District Court

### District of Minnesota

July 15, 2026

CHAMBERS OF
**DONOVAN W. FRANK**
DISTRICT JUDGE
WARREN E. BURGER FEDERAL BUILDING
AND UNITED STATES COURTHOUSE
316 NORTH ROBERT STREET, SUITE 724
SAINT PAUL, MINNESOTA 55101-1477
(651) 848-1290

**VIA U.S. MAIL AND CM/ECF**

Hon. Jack Hagerty
Richard J. Daley Center
50 W. Washington St.
Chicago, IL 60602

Hon. Mark Monson
Nez Perce County Courthouse
P.O. Box 896
Lewiston, ID 83501

Hon. Christian M. Sande
300 South Sixth Street
Minneapolis, MN 55487

Hon. John J. Goger
Metro Atlanta Business Case Division
Superior Court of Fulton County
136 Pryor Street SW
Suite J2-956
Atlanta, GA 30303

Re:    MDL 3108 Change Healthcare et al.

Dear Judges:

Defendants in the *In re: Change Healthcare, Inc. Customer Data Security Breach Litigation* (the "Multi-District Litigation" or "MDL") have informed me that cases related to the MDL were recently filed or reassigned to a new judge in your respective state courts. As the judge presiding over the MDL, I am reaching out to you to promote full cooperation and coordination between the state courts and federal court. I have already been in contact with judges for cases filed earlier. (*See* Doc. Nos. 85, 142, 154, 237, 340, 398, 443, 468, 488, 553, 613.)

By order dated June 7, 2024, the Judicial Panel on Multi-District Litigation ("JPML") determined that a number of federal *Change Healthcare* cases involve common questions of fact and that centralization of the *Change Healthcare* cases was appropriate. The JPML ordered that such cases be transferred to the United States District Court for the District of Minnesota and assigned me to coordinate discovery and other pretrial matters. Magistrate Judge Dulce J. Foster is teaming up with me on these cases for specialized pretrial issues. To date, the MDL involves 147 cases, with more pending review for transfer.

There are also a number of *Change Healthcare* cases being litigated in state courts. Presently, this Court is aware of 42 ongoing cases in state courts across the country. Prior to coming to the federal bench in 1998, I was a state court judge for 14 years here in

July 15, 2026
Page 2

Minnesota. As a result of my state court experience, I am aware of and sensitive to issues confronting state court judges when they have individual cases involved in an MDL case. In setting a schedule for the MDL case, I am mindful of the balance necessary to serve the interests of justice and the parties. On the one hand, the Court must ensure that these cases proceed expeditiously through the Court's efforts to coordinate discovery and move toward trial. Yet, on the other hand, the Court must ensure that the cases are not brought to trial in too hasty a manner, leading to a verdict for either side that does not represent a fair attempt at discovery and thus does not characterize the essence of the lawsuits.

I understand that you each have at least one of those state cases, and I would like your input concerning the coordination of the state and federal cases. In my previous MDL cases, the state and federal courts, with few exceptions, were able to coordinate pretrial matters to effectuate a meaningful and prompt resolution of those cases. My goal, of course, in addition to permitting fair discovery with meaningful discovery deadlines that will lead to meaningful bellwether trials and verdicts, is to minimize courts issuing conflicting orders concerning document production, document preservation, protective orders, discovery deadlines, protocols for electronic document production, and scheduling of depositions and deposition protocol. One benefit, of course, of state-federal coordination may be to prevent two or more courts from deciding the same issue. Similarly, I will do my part in minimizing the same witness being deposed more than once. I hope that such coordination will serve to balance the interests of the federal and state litigation.

To that end, I issued a Coordination Order proposing a plan for coordinating discovery between the federal MDL and state court cases. That Order is attached. The purpose of this Order is to avoid unnecessary duplication of discovery, saving resources for the courts and the parties.

I invite you to issue such an order in your court. The Coordination Order I issued is not binding on state courts—it simply allows coordination with state courts that choose to issue complementary orders. If you choose to issue such an order, I believe we will be able to promote prompt resolution of the cases, while respecting each other's independence.

To briefly summarize the Order: Any discovery relevant to both the MDL and an action in a state court which adopted the Order will be shared, subject to any protective orders. The Order does not control discovery of issues relevant only to the state court actions. The Order includes specific guidelines for deposition practice, requiring non-plaintiff depositions to be noticed in the MDL as to provide MDL counsel an opportunity

July 15, 2026
Page 3


to participate.  The Order also describes the written discovery process, dictating that any party—in either the federal or state actions—is entitled to copies of written discovery.

If you have any questions or concerns about how this Coordination Order would impact your proceedings, please feel free to reach out.  I want to emphasize that my goal is simply judicial efficiency.  Even if I hadn't been a state court judge myself, I am committed to respecting the discretion of individual judges across the country.

As for general matters related to the MDL, the District of Minnesota has established a website dedicated to this litigation to inform plaintiffs, potential plaintiffs, and the general public as to the status of the case.  The website's address is: https://www.mnd.uscourts.gov/content/change-healthcare-inc-data-breach.  You can view all of my orders on that website.  I have also appointed a Lead Counsel Committee and a Plaintiffs' Steering Committee to represent the interests of plaintiffs as well as Liaison Counsel for the District of Minnesota and Liaison Counsel to the State Courts. Defendants' Lead Counsel and Liaison Counsel have also been designated.

In addition, I will be conducting Status Conferences to keep the MDL on pace. These status conferences occur monthly on the third Thursday of the month at 10:00 a.m. Central.  You are welcome to listen remotely.  The audio access information will be available on the website.

The MDL is currently in the discovery phase.  On December 19, 2025, I issued orders granting in part and denying in part Defendants' motions to dismiss the consolidated class action complaints in both the Individual Patient Track and the Provider Track.  Those orders can be accessed publicly on the MDL's website under the Orders tab.

Thank you for your attention to this matter.  If you have any questions, please do not hesitate to give me a call (651-848-1290) or email me (frank_chambers@mnd.uscourts.gov).

Very truly yours,

s/Donovan W. Frank

DONOVAN W. FRANK
United States District Judge

DWF/ljl
Attachment