**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**IN RE: CHANGE HEALTHCARE, INC., CUSTOMER DATA SECURITY BREACH LITIGATION** MDL No. 3108

# TRANSFER ORDER

**Before the Panel:**[*] Plaintiffs in seven Middle District of Tennessee actions and a Western District of Virginia action listed on Schedule A move under Panel Rule 7.1 to vacate the orders that conditionally transferred their actions to MDL No. 3108. The Change Healthcare defendants oppose the motions.[1]

After considering the argument of counsel, we find that these actions involve common questions of fact with the actions previously transferred to MDL No. 3108 and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The MDL actions arise from a February 2024 cyberattack on Change Healthcare's network, which exposed the private information of millions of individuals and severely disrupted the ability of physicians, pharmacies, and other healthcare providers to use Change Healthcare's digital platforms to access insurance information, fill prescriptions, submit insurance claims, and receive payment for services provided to patients. *See In re Change Healthcare, Inc., Customer Data Sec. Breach Litig.*, 737 F. Supp. 3d 1367 (J.P.M.L. 2024). The MDL has since grown to include actions brought by health insurance companies and claims relating to the Temporary Funding Assistance Program (TFAP) established by Change Healthcare entities, which provided loans to healthcare providers experiencing cash flow issues due to the disruptions caused by the data breach. *See, e.g.,* Transfer Order, MDL No. 3108 (J.P.M.L. June 2, 2025), ECF No. 412; Transfer Order, *id.* (J.P.M.L. Aug. 7, 2025), ECF No. 440.

Plaintiffs in the seven Middle District of Tennessee actions are healthcare providers or revenue cycle management companies that allege the Change Healthcare cyberattack was caused by Change's negligence and that their operations were disrupted by the cyberattack and the shutdown of Change's platforms. Plaintiffs concede that the actions arise out of the same data breach that is at issue in the MDL. They primarily oppose transfer by arguing that their actions were improperly removed and that the transferor court should be permitted to rule on their remand motions and motions relating to the jurisdictional discovery they seek. We routinely hold that

[*] Judge M. Casey Rodgers did not participate in the decision of this matter.

[1] Defendant in the Middle District of Tennessee actions is Change Healthcare, Inc. Defendants in the Western District of Virginia action are Optum, Inc.; Change Healthcare, Inc.; and UnitedHealth Group Incorporated.

pending remand motions are not an obstacle to transfer, and we have done so repeatedly in this docket. *See, e.g.*, *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001); Transfer Order at 1, MDL No. 3108 (J.P.M.L. Aug. 7, 2026), ECF No. 708.

Plaintiffs also argue that transfer will be inefficient and inconvenient because they intend to opt out of any classes that may be certified in the MDL. They contend that transfer will result in their actions being sidelined until class certification issues are resolved. We rejected this argument two months ago, stating "[t]hat plaintiffs may opt out of any classes certified does not weigh against transfer." *See* Transfer Order at 2, *id.* (J.P.M.L. Aug. 7, 2026), ECF No. 708. We further explained:

> [W]e "routinely transfer opt-out actions to MDLs" even after class settlements have been reached "because of the efficiencies to be gained from the transferee court's management of overlapping actions and expertise in the issues." *In re Snowflake, Inc., Data Sec. Breach Litig.*, MDL No. 3126, 2026 WL 323102, at *2 (J.P.M.L. Feb. 5, 2026). Here, transfer will also provide efficiencies because of overlapping discovery and pretrial motion practice. To the extent that transfer may cause plaintiffs inconvenience, it is nonetheless appropriate because we look to "the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation." *See In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012).

*Id.* Our opinion on that matter has not changed.

Finally, plaintiffs argue that transfer is unnecessary because discovery regarding the Change Healthcare cyberattack is ongoing in Tennessee state court and other state courts across the country. According to plaintiffs, this shows that informal coordination of discovery in their actions is feasible and preferable to including their actions in the MDL. This argument is not persuasive. That coordinated discovery related to the cyberattack is underway in state courts is not relevant to whether these seven federal court actions should be transferred to the MDL for coordinated proceedings.

Plaintiffs Radiology Associates of Roanoke, P.C., and Montgomery Radiology Associates, Inc. (MRA), in the Western District of Virginia *Radiology Associates* action are healthcare providers in Virginia. Both allege that they depended upon the services of defendants to submit claims, verify insurance, and receive payment for services provided to patients, and that their operations were disrupted by the Change cyberattack and the shutdown of Change's platforms. Both further state that they accepted TFAP loans after the cyberattack and that defendants have unreasonably demanded repayment of the loans. They assert claims for breach of contract and unjust enrichment. These allegations and claims mirror those of healthcare provider plaintiffs in the MDL.

Plaintiff MRA also alleges that defendants performed Medicare-related administrative functions for it, including serving as a centralized conduit for certain Medicare communications and a primary contact for enrollment-related information. MRA states that, starting in 2021, it established a "lockbox arrangement" through which Medicare regulatory correspondence was

routed through Change and Change was responsible for receiving and monitoring such correspondence. MRA alleges that, because of errors committed by defendants before the cyberattack, its Medicare enrollment was revoked in April 2024 and, because of the cyberattack, Change failed to monitor the lockbox and transmit to MRA notice that its enrollment had been revoked. *See Radiology Assocs.* Compl. ¶ 39 ("At no time did Defendants inform MRA that they were unable to perform their obligations to monitor MRA's lockbox communications due to the cyberattack."). MRA states that it did not receive the revocation notice until July 2024; as a result, it was unable to seek reconsideration of the revocation within the 65-day period for doing so. It asserts a negligence claim based on defendants' conduct.

In opposing transfer, plaintiffs argue that their principal negligence claim is MRA's claim relating to its lockbox arrangement and that that claim does not relate to the cyberattack or overlap factually with the MDL. Rather, they argue, the lockbox claim—as well as their claims relating to the TFAP loans they accepted—will turn on plaintiff-specific facts and discovery that can proceed most efficiently outside the MDL. If we transfer the action, they ask in the alternative that we simultaneously separate and remand MRA's negligence claim relating to the lockbox arrangement.

Plaintiffs' arguments are not persuasive. First, the lockbox claim is not fairly characterized as either plaintiff's principal claim. Both Radiology Associates and MRA allege that, because of the cyberattack and ensuing outage, they could not verify insurance eligibility, determine patient financial responsibility, submit claims, or receive payment for their radiology services, and that, as a result, claims were delayed, left unprocessed, or later denied as untimely. These allegations are virtually identical to those of other healthcare provider plaintiffs in the MDL. In addition, like MDL plaintiffs, both Radiology Associates and MRA allege that defendants have unfairly demanded repayment of their TFAP loans. These allegations also overlap with those of many MDL plaintiffs and are included in the providers' MDL class action complaint.

Second, in arguing that MRA's lockbox claim is unrelated to the cyberattack and is factually distinct from the MDL, plaintiffs ignore their own allegations. Some of the errors that allegedly resulted in the revocation of MRA's Medicare enrollment may have occurred before the cyberattack, but plaintiffs state in their complaint that defendants' failure to monitor MRA's lockbox communications in the Spring of 2024 was "due to" the February 2024 cyberattack. That some of the facts relating to the lockbox claim—and plaintiffs' TFAP loans—are plaintiff-specific does not make transfer inappropriate. Plaintiffs' allegations and claims overlap extensively with the MDL and will benefit from coordinated discovery and other pretrial proceedings. *See* Transfer Order at 3, MDL No. 3108 (J.P.M.L. June 2, 2025), ECF No. 412 (transferring action that "like most, if not all, of the MDL actions—likely will involve some case-specific issues"). As we often have observed, "Section 1407 does not require a complete identity or even a majority of common questions of fact to justify transfer, and the presence of additional or differing legal theories is not significant when . . . the actions arise from a common factual core." *See In re Air Crash over the S. Indian Ocean on Mar. 8, 2014*, 190 F. Supp. 3d 1358, 1359 (J.P.M.L. 2016). Plaintiffs' alternative request that we separate and remand the lockbox claim fails for the same reasons.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable Donovan W. Frank for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Matthew F. Kennelly
Dale A. Kimball
Richard Seeborg
David C. Norton
Madeline Cox Arleo

**IN RE: CHANGE HEALTHCARE, INC., CUSTOMER DATA SECURITY BREACH LITIGATION** MDL No. 3108

**SCHEDULE A**

Middle District of Tennessee

FAMILY CARE MEDICAL CENTER, P.A. v. CHANGE HEALTHCARE INC., C.A. No. 3:26–00933
HEALTHCARE ADMINISTRATIVE, LLC v. CHANGE HEALTHCARE INC., C.A. No. 3:26–00934
LUTZE CONSULTING, LLC v. CHANGE HEALTHCARE INC., C.A. No. 3:26–00935
MIND OVER MATTERS, PLLC v. CHANGE HEALTHCARE INC., C.A. No. 3:26–00936
RED HOUSE MEDICAL BILLING MI LLC v. CHANGE HEALTHCARE INC., C.A. No. 3:26–00937
SURGICAL RECOVERY SOLUTIONS, LLC v. CHANGE HEALTHCARE INC., C.A. No. 3:26–00938
THE AUCTUS GROUP, LLC v. CHANGE HEALTHCARE INC., C.A. No. 3:26–00939

Western District of Virginia

RADIOLOGY ASSOCIATES OF ROANOKE, P.C., ET AL. v. OPTUM, INC., ET AL., C.A. No. 7:26–00527