**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| **In re: CHANGE HEALTHCARE INC. CUSTOMER DATA SECURITY BREACH LITIGATION** | **MDL No. 0:24-03108 (DWF/DJF)** |
| *This Document Relates to All Actions* | **JOINT AGENDA AND STATUS REPORT FOR NOVEMBER 19, 2026 STATUS CONFERENCE** |

Pursuant to the Court's Pretrial Order No. 2 (ECF No. 69), Lead Counsel for Plaintiffs and Defendants hereby submit this joint proposed Agenda and Status Report for the Status Conference November 19, 2026, at 10:00 AM.

**[Proposed] Joint Agenda**

1. Status of Depositions
2. Status of Document Production
3. Third Party Discovery
4. Purely Legal Questions for the Court
5. Duplicative Plaintiffs
6. TFAP Repayment and Settlement
7. Amendments to the Protective Order
8. Coordination with State Court Cases
9. Letter from *Nebraska* and *Lincare*

## Status Report

The Parties' positions are set forth below.

### 1. Status of Depositions

Defendants have taken over fifty Individual Track depositions since June 15, 2026, including depositions of named plaintiffs and of individuals who appear as named plaintiffs in the draft amended complaint provided to Defendants' counsel. Only two Individual Track depositions remain. It is anticipated that several additional plaintiffs will be added in the future amended complaint.

Defendants began taking Provider Track 30(b)(6) depositions on September 9, 2026. Defendants served Rule 30(b)(1) notices for additional Provider Track witnesses on October 29, 2026, and a Rule 30(b)(6) deposition notice on organizational Plaintiff National Community Pharmacists Association ("NCPA") on November 5, 2026. Defendants have deposed twenty 30(b)(6) witnesses and continue to take these depositions both virtually and in person. For those remaining depositions that will occur in person, the Parties are working together to agree on mutually agreeable deposition locations. The Parties have exchanged 30(b)(6) notices and except for NCPA, responses and objections to those notices. For all depositions, the Parties continue to meet and confer on the remaining proposed 30(b)(6) topics, the identities of individuals to be deposed, and deposition dates and locations.

Plaintiffs took their first 30(b)(6) deposition on August 28, 2026. Plaintiffs have since deposed two additional 30(b)(6) witnesses. The Parties anticipate that there will be at least two more Defendant 30(b)(6) depositions and perhaps more depending on how

continuing meet and confers play out regarding the current 30(b)(6) depositions. Plaintiffs took their first 30(b)(1) deposition on September 18, 2026, and have deposed sixteen 30(b)(1) witnesses. About twelve additional 30(b)(1) depositions are scheduled. Defendants are working to provide Plaintiffs with dates for the remaining noticed witnesses that have not yet been scheduled. Defendants continue to focus their document production for any witnesses by producing those documents at least seven days prior to those depositions, as agreed by the Parties.

**2. Status of Document Production**

The Parties are working to produce discovery as expeditiously as possible and to confer frequently to maintain a cooperative dialogue regarding production status. Defendants continue to make large document productions weekly.

Except for any potential new plaintiffs, Individual Track Plaintiffs are substantially complete with document production. As of October 15, 2026, Provider Plaintiffs have represented that named Provider Plaintiffs have substantially completed their production of documents that hit on search terms for all but one provider – New Jersey Pediatric Neuroscience Institute, LLC. Defendants understand that this representation (i) is based on these Provider Plaintiffs review of a statistical sampling of documents that hit on search terms for the applicable document requests, and (ii) is not necessarily inclusive of other known responsive discovery, such as responsive, non-privileged documents that Provider Plaintiffs manually collect. Provider Plaintiffs are continuing to work in good faith to have responsive documents produced 7 days prior to those 30(b)(6) depositions. There are three 30(b)(6) depositions remaining.

Both Parties have raised deficiencies in the productions they have received and are working together in good faith to address those deficiencies so that, if necessary, the Parties can promptly raise disputes with the Court.

**3. Third Party Discovery**

Plaintiffs began noticing third party subpoenas on July 21, 2026. Third parties have begun producing documents and the process of meeting and conferring continues with others.

Counsel for certain Third Parties and counsel for the Provider Track Plaintiff Steering Committee recently wrote to the Court regarding a briefing schedule on the Third Parties' Motions to Quash Non-Party Subpoenas. ECF No. 768. Counsel for these Third Parties and Provider Track Plaintiffs have filed their briefs in the miscellaneous case docket, 26-mc-00091. ECF No. 769. Defendants respectfully request the opportunity to file a brief position statement on the pending motions and, should there be a hearing on those motions, to be heard on this topic.

**4. Purely Legal Questions for the Court**

The Parties anticipate that upon this Court's ruling on the pending motion to dismiss, they will be able to continue negotiations on any purely legal questions that can be addressed by the Court to provide early resolution.

**5. Duplicative Plaintiffs**

The Parties have met and conferred and agreed on a process to handle duplicate parties in the MDL and in cases filed in various state courts (which Plaintiffs filed for statute of limitations, tolling, and personal jurisdiction reasons). These cases have been

removed and tagged for transfer to the MDL. The Parties continue to meet and confer to resolve the issues of duplicative Plaintiffs and have agreed to identify post-MDL remand locations (and parties) for these cases.

**6. <u>TFAP Repayment and Settlement</u>**

Defendants continue to provide updates regarding providers that have signed releases with Defendants.

**7. <u>Amendments to the Protective Order</u>**

The Parties intend to submit a joint stipulation to amend the protective order (ECF No. 271) in two regards. The first involves the hesitation of certain third parties to produce documents responsive to subpoenas given that, under the current protective order, in-house counsel is permitted to view all documents. Provider Plaintiffs have raised analogous concerns in response to discovery requests that Defendants served on them on September 8, 2026. The second relates to a potential solution to the de-identification of certain claims data produced in this litigation, following the Informal Dispute Resolution Conference held on October 8, 2026.

Plaintiffs have drafted an amended protective order to create a new confidentiality designation category specific to in-house litigation counsel, and to address the de-identification of certain claims data. The Parties are meeting and conferring on these proposals accordingly. Once the Parties reach agreement on the language, they intend to submit a stipulated amended protective order.

**8. <u>Coordination With State Court Cases</u>**

Defendants continue to provide updated lists of pending state court and other federal

court cases stemming from the February 2024 cyberattack.

Four state court actions have entered the Court's Coordination Order:

1. *Lincare Holdings Inc. v. UnitedHealth Group Incorporated*, No. 210144594 (Fla. Circ. Ct. Hillsborough Cnty.). The Court entered the Coordination Order on June 17, 2025.
2. *Fairview Health Services v. Change Healthcare Technologies, LLC*, No. 62-CV-25-7116 (Minn. Distr. Ct., Ramsey Cnty.). The Court entered the MDL Coordination Order on February 24, 2026.
3. *State of Nebraska, ex. rel. Michael T. Hilgers v. Change Healthcare Inc., et al.*, No. CI 24-4356 (Neb. Distr. Ct., Lancaster Cnty.). The Court entered the Coordination Order on April 13, 2026.
4. *AdvancedMD, Inc., v. Change Healthcare Solutions, LLC, et al.*, No. 250907931 (Utah Distr. Ct., Salt Lake Cnty.). The Court entered the coordination order on December 2, 2025.

Each state court action above has appointed a Plaintiff Liaison in accordance with paragraph 25 of the Coordination Order (PTO No. 7). Overall Lead Counsel continues to make available the materials required by the Coordination Order and to seek coordination of ongoing and upcoming discovery through the process ordered by the Court. Plaintiffs' state court liaison and Overall Lead Counsel continue to work with the counsel for the coordinated actions to implement the Coordination Order.

Additionally, the court in *Mid-South Imaging & Therapeutics, P.A. v. UnitedHealth Group*, *Inc., et al.*, No. 24-0723-III (Tenn. Ch. Ct. Davidson Cnty.) instructed the parties

to coordinate with the MDL but did not enter the Coordination Order. Defendants have requested that the MDL Court communicate with the Honorable Chancellor I'Ashea L. Myles to coordinate these matters with the MDL proceedings.

The parties in *Eye Care Associates of Morristown, Inc. v. Change Healthcare Inc.*, No. 24-CV-048 (Tenn. Cir. Ct. Hamblen Cnty.) have agreed to enter the Coordination Order but the Order has not yet been entered. The stay in this case was lifted upon issuance of the MDL scheduling order.

Negotiations regarding the entry of the Coordination Order are ongoing in the following actions:

1. *Alliance Pathology Consultants, PLLC, et al. v. Change Healthcare Technology Enabled Services LLC, et al.*, No. 2024-L-012135 (Ill. Cir. Ct. Cook Cnty.). Plaintiffs and Defendants intend to jointly file a motion requesting that the Court enter the Coordination Order and respectfully request that the MDL Court communicate with the Honorable Judge Jack J. Hagerty to coordinate this matter with MDL proceedings.
2. *Zing Health Holdings, Inc. v. Change Healthcare Practice Management Solutions, Inc., et al.*, No. 26CV001838 (Ga. Superior Ct. Fulton Cnty.). An Order on the Motion to Dismiss has been entered, and Defendants are negotiating a case management order, including entering the Coordination Order, with Plaintiffs in this matter.
3. *State of Iowa, ex rel. Brenna Bird v. Change Healthcare Inc., et al.*, No. EQCE092772. The Court denied Defendants' Motion to Dismiss and Motion for

Partial Judgment on the Pleadings on August 18, 2026. The parties are currently negotiating whether to request the Court to enter the Coordination Order. Defendants respectfully request that the MDL Court communicate with the Honorable Judge Jason Walke to coordinate this matter with the MDL proceedings.

9. **<u>Letter from *Nebraska* and *Lincare*</u>**

On October 9, 2026, counsel for certain plaintiffs in just two coordinated state court actions (the "Coordinated Counsel"), sent e-mailed correspondence to chambers. The letter was subsequently filed at the direction of the Court. Plaintiffs' and Defendants' positions are below.

**Plaintiffs' Position**

Although the email to the Court was procedurally improper and the MDL Plaintiffs disagree with certain characterizations in the correspondence, MDL Plaintiffs here respond only to Coordinated Counsel's proposed changes to the coordination protocol.

First, with regard to the document production issues, MDL Plaintiffs and Defendants agreed to accept the production of documents for a 30(b)(1) witness seven days prior to the deposition despite the requirement under the Protective Order that requires that a party disclose whether all the Custodian's responsive documents have been produced or logged at least fourteen days prior other custodian's deposition. As this Court is aware, discovery is proceeding in an expeditious manner as the Parties work diligently to move this case forward. The MDL Plaintiffs committed to push forward with depositions (assuming Plaintiffs received the documents for the deponents within the seven days prior to the deposition rather than fourteen days) when the later document productions were not

onerous. In most cases MDL Plaintiffs decided to go forward with the deposition based on (1) the volume of documents that were untimely produced and (2) the tight schedule of the case. In these situations, MDL Plaintiffs have also taken the position that depositions are left open because of those late productions (albeit over Defendants' objections).

Using those same criteria, MDL Plaintiffs also have rescheduled a few depositions when late document productions were more voluminous. Although Coordinated Counsel have expressed their concern over these late productions, MDL Plaintiffs, determined that because there was sufficient time to review the documents, and the depositions could be left open for further exam, it was best to proceed with the depositions to meet the upcoming discovery deadline.

Second, Coordinated Counsel states that they have repeatedly requested the opportunity to provide input on deposition scheduling but have not been given that opportunity. But as MDL Plaintiffs have repeatedly told Coordinated Counsel, MDL Plaintiffs are not negotiating the times or places for Defendant Depositions in most instances. Defendants have provided dates and locations for their clients' depositions and MDL Plaintiffs have largely accepted them without negotiation. Depositions occasionally have been relocated or rescheduled (either due to witness schedules or due to Defendants' tardy document production) and there is a system in place to notify Coordinated Counsel of those changes as soon as possible. MDL Liaison Counsel manages a live spreadsheet that is updated in real time that all Coordinated Counsel have access to and to add additional counsel to the scheduling process is unworkable. With multiple depositions occurring across the country, sometimes in several locations in a single week, there will be times

when the spreadsheet needs to be corrected. Such is the nature of complex litigation. Overall Lead Counsel hosts a standing weekly call with Coordinated Counsel to discuss updates and the status of the litigation, and Coordinated Counsel frequently emails MDL Plaintiffs' counsel to verify deposition dates and locations which MDL Plaintiffs timely confirm. That coordination is efficient and sufficient. There is a good system in place in which MDL Liaison Counsel is the primary contact for passing on information to the Coordinated Counsel.

Third, with regard to the fact discovery cut-off, this Court recently granted the Parties' stipulation to extend the schedule from November 1, 2026 to December 17, 2026. As the Court knows, MDL Plaintiffs and Defendants continue to update the Court on the progress of discovery and have recently agreed on an additional extension until the end of February 2027. The Parties are working on a stipulation to submit to the Court. If additional extensions are necessary, the Parties will work with the Court to seek those extensions.

**Defendants' Position**

Coordinated Counsel's letter ("the Letter") is both procedurally improper and mischaracterizes how depositions and discovery have proceeded thus far. As the Court has previously noted, Pretrial Order No. 3 mandates that "[n]o counsel shall file any pleadings, motions, or other documents with the Court, or communicate with Defendant's counsel without approval of Overall Lead Counsel." ECF Nos. 83, 477; *see also* ECF No. 479 (denying Plaintiff Nomi Health, Inc.'s motion to remand). This mandate extends to coordinated state court actions for good reason, as the Court should not be required to adjudicate issues that the Parties and Coordinated Counsel can resolve—and are

resolving—themselves. Indeed, one of the Coordinated Counsel's topics has already been addressed with adjustments to the case schedule. Despite Coordinated Counsel's previous arguments in state courts against coordination with the "tortoise-like" MDL, they are now protesting the MDL's "breakneck" pace and have requested an extension of the fact discovery cut-off to May 6, 2027. Overall Lead Counsel have stipulated to extend the close of fact discovery to February 28, 2027.

Aside from this, Coordinated Counsel decided not to confer with Defendants' counsel or Overall Lead Counsel about any of the substance of the correspondence before its submission, as required by the Coordination Order ("[i]f a dispute arises regarding these depositions . . . The parties agree to meet and confer to resolve such dispute; and if they are unable to do so, then the issue shall be submitted to the MDL Court for final resolution."). ECF No. 236 at ⁋ 36. Indeed, and remarkably, even after submission and as of the date of this filing, Coordinated Counsel have yet to reach out to Defendants' counsel to confer on the issues raised in their surprise correspondence.

Notwithstanding the improper nature of the Letter, Defendants respond that the Coordinated Counsel mischaracterize the significant progress of discovery to date. Defendants have been working expeditiously to review and produce thousands of documents in advance of the many 30(b)(1) and 30(b)(6) depositions that have been noticed in this case. Given the size and complexity of this matter, discovery production is a complex undertaking that has presented logistical challenges for all Parties, but the Parties have worked cooperatively to address those challenges as they arise and continue to do so, including by adjusting the deposition schedule where appropriate. The Coordinated

Counsel also grossly overlook the advantages of coordination when they assert that they "bear all of the costs but reap none of the benefits" of agreements in the MDL, despite benefitting from common access to over 680,000 pages of documents produced to date, and the ability to leverage the questions of dozens of other experienced Plaintiffs' counsel. Moreover, Coordinated Counsel have questioned witnesses for hours on the record at every deposition. One witness was even deposed for nearly eight hours to accommodate the questions of multiple Coordinated Counsel.

Finally, Defendants dispute the Coordinated Counsel's request to directly participate in all scheduling negotiations and decisions for non-Plaintiff depositions, including through inclusion on deposition scheduling email chains with Defendants and third parties. That request conflicts with the appointment of MDL Plaintiffs' Lead Counsel—an appointment designed to generate efficiencies and avoid the need for mass communication with multiple parties on these types of administrative matters. However, as a practical matter, the Parties have been working with the Coordinated Counsel on scheduling depositions in an effort to accommodate schedules and will continue to undertake these efforts.

Dated: November 13, 2026

*<u>/s/ Daniel E. Gustafson</u>*
Daniel E. Gustafson (#202241)
**GUSTAFSON GLUEK PLLC**
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
T. (612) 333-8844
dgustafson@gustafsongluek.com

*<u>/s/ Allison M. Ryan</u>*
Allison M. Ryan
Joseph J. Cavanaugh
**HOGAN LOVELLS CADWALADER US LLP**
555 13th Street NW
Washington, D.C. 20004

***Overall Lead Counsel for Plaintiffs***

T. (202) 637-5872
allison.holt-ryan@hlc.com
joe.cavanaugh@hlc.com

Peter H. Walsh (#0388672)
Alicia J. Paller (#0397780)
**HOGAN LOVELLS CADWALADER US LLP**
80 South Eighth Street
Suite 1225
Minneapolis, MN 55402
T. (612) 402-3017
F. (612) 339-5167
peter.walsh@hlc.com
alicia.paller@hlc.com

Michael M. Maddigan
Vassi Iliadis
**HOGAN LOVELLS CADWALADER US LLP**
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
T. (310) 785-4600
F. (310) 785-4601
michael.maddigan@hlc.com
vassi.iliadis@hlc.com

***Counsel for Defendants***